## NORDYKE & MARMON CO. v. THE HAWKEYE WOOLEN MILLS CO. ET AL.

1. **Mechanic's Lien: FIXTURES: LEASEHOLD PROPERTY.** A mechanic's lien for the purchase-money of the machinery of a mill, upon the machinery and leasehold interest of the purchasers in the mill property, which was occupied by them under a verbal lease for the term of five years, was held to be valid as against subsequent incumbrancers.

*Appeal from Des Moines Circuit Court.*

SATURDAY, APRIL 24.

THE plaintiff filed its petition against Stadtlander, Derby & Bowers and the Hawkeye Woolen Mills Co., averring that in June, 1877, it made a verbal contract with the first named defendant to furnish fixtures and machinery for a mill situated on certain real estate of which said defendants were lessees, and said machinery and fixtures were used by them in fitting up and operating a mill on said real estate; that the machinery and fixtures so furnished were of the value of $1,988.30, and that at the commencement of the suit there was due thereon the sum of $1,056.90; that a claim for a mechanic's lien was filed within 90 days from the date of the last item, and notes were given for the balance due, and that the Hawkeye Woolen Mills Co. owns the real estate on which such mill is situated.

The prayer of the petition is that plaintiff's lien be established and foreclosed on said machinery and fixtures, and upon defendants' interest in said real estate, and that the same be sold to pay their claim.

On the 25th of March, 1878, Bixleen Winzen & Co. and Pilger Bros. intervened in the action, setting forth that on the 24th day of December, 1877, Stadtlander, Derby & Bowers, being indebted to them in the amount of $2,207.30, executed and delivered to them a chattel mortgage upon said mill, machinery, furniture, fixtures and appurtenances to secure the

payment of said sum, which mortgage was duly recorded, and they ask that said mortgage be declared prior and paramount to plaintiff's claim.

Afterwards S. E. Taylor intervened in the action, claiming that January 27, 1878, Stadtlander, Derby & Bowers were adjudicated bankrupts on their own petition, and that he (said Taylor) was duly appointed assignee of the estate of said bankrupts; that the said machinery was in no sense fixtures, nor any improvement upon real estate, and that at the time said machinery was sold and delivered said Stadtlander, Derby & Bowers were not the owners of said real estate, but that the same was the property of the Hawkeye Woolen Mills Co., and the building in which said machinery was placed was used and occupied by the said Stadtlander & Co. under a lease from said Woolen Mills Co., and in no other way, and said machinery, fixtures, etc., are not buildings, erections, nor improvements upon land in such way or extent as to entitle plaintiffs to the benefits of the mechanic's lien law of this State.

As against intervenors Bixleen Wiznen & Co. and Pilger Bros. the said Taylor averred that at the date of said mortgage Stadtlander & Co. were insolvent, of which said mortgagees had actual notice, and that they sought by said mortgage to secure a preference over other creditors of said firm, and that said mortgage is, therefore, fraudulent and void. He also averred that the United States District Court has exclusive jurisdiction to try all questions arising in this cause, and denied the jurisdiction of the court below.

"Subsequently it was agreed in writing, the assignee having sold the property for $1,261.75, that he should hold said sum in lieu of the property, and be subject in his hands to the claims and liens of the parties entitled in the same manner as the property then was, neither party to be prejudiced as to his legal rights by said agreements."

The Hawkeye Woolen Mills Co. and Stadtlander, Derby & Bowers made default. There was a trial to the court upon

the issues as above stated, and it was found that Stadtlander Derby & Bowers were the owners of a leasehold estate, and that plaintiff's cause of action was for machinery and fixtures for buildings, erections, and improvements thereon, and that the sum of $1,293.54 is due for the same, and that plaintiffs are entitled to a mechanic's lien on said premises and improvements thereon, superior to the rights of either defendants or intervenors, and that the money in the hands of Taylor, assignee, be paid to plaintiffs as per agreement. It was further found that the mortgage given to the intervenors was void because it was given and executed in fraud of the bankrupt law.

To so much of the decree as finds plaintiff entitled to a mechanic's lien and gives them priority, Taylor, assignee, and the mortgagees, intervenors, appeal; and to so much of the decree as declares the mortgage a fraud upon the bankrupt law the said mortgagees appeal.

*Hammack, Howard & Virgin* and *Hall & Huston,* for appellants.

*John C. Power,* for appellee.

ROTHROCK, J.—It appears from the evidence that the Hawkeye Woolen Mills Co. is the owner in fee of the land upon which the mill is situated. Stadtlander, Derby & Bowers leased the mill by a verbal lease for five years. The building had originally been used as a woolen mill. All of the machinery had been taken out when the verbal lease was made, excepting the steam engine and boiler. The plaintiffs furnished the necessary machinery for a flour and feed mill, and it was put in the mill by Stadtlander, Derby & Bowers, and operated by the engine which was in the building at the time the lease was made. The machinery was put in with the expectation that it should remain there and be used in operating the mill during the lease. The greater part of the machinery was furnished on

*Margin note: 1. MECHANIC'S lien : fixtures : leasehold property.*

the 27th day of August, 1877. The last was furnished on Nov. 19, 1877. The mill was put in operation, and on Feb. 14, 1878, plaintiffs filed their claim for a mechanic's lien in the clerk's office. The mortgage to the intervenors was executed Dec. 24, 1877, and in January, 1878, Stadtlander, Derby & Bowers were adjudged bankrupts upon their own petition.

If the Hawkeye Woolen Mills Company had purchased the machinery of the plaintiffs, and put it into the building and attached it to the engine, and used it for the purpose to which it was adapted, the machinery would have been part of the realty and upon a conveyance of the real estate would have passed to the grantee. *Ottumwa Woolen Mill Company v. Hawley*, 44 Iowa, 57. In such case the plaintiffs would have had an undoubted right to enforce a mechanic's lien. Section 3 of chapter 100 of the laws of the Sixteenth General Assembly expresssly provides for a lien for machinery and fixtures for any building, erection, or other improvement.

It is urged, however, that the machinery in question is no part of the realty, because the verbal lease was void, and the said Stadtlander & Co. were mere tenants at will, with the right to remove the machinery, and that a mechanic's lien cannot be established upon mere chattels, but must be upon the building, erection, or other improvement, and land upon which the same is situated. It is doubtless correct that, as between the lessor and lessee, the latter would have the right to remove the machinery at the expiration of the lease, and that as to them it was no part of the realty. The rights and obligations of the parties as to fixtures are very different from those arising between grantor and grantee, or heir and executor. See *Ottumwa Woolen Mill Company v. Hawley, supra.* But can it be said that the verbal lease was void? Sections 3663 and 3664 of the Code provide that contracts for the creation or transfer of any interest in lands, except leases for a term not exceeding one year, can only be proved by a writing signed by the party to be charged. Section 3665

provides that this rule of evidence shall not apply when the vendee, with the actual or implied consent of the vendor, has taken and held possession of the land under and by virtue of the contract, and by section 3666 the regulations contained in the preceding sections relating to the proof of contracts do not prevent the enforcement of those which are not denied in the pleadings.

The Woolen Mills Company, the lessor in this case, made no appearance to the action, but made default. The plaintiff prayed not only that its lien be established on the machinery and fixtures, but as against "the defendant's interest in said real estate." It is undisputed that Stadtlander, Derby & Bowers entered upon the possession of the land under the verbal lease for five years, and put in the machinery and fixtures and operated the mill under the lease. It follows that they had a valid, subsisting interest in the mill property, the same being a leasehold estate for five years. We think it was the right of the plaintiff to enforce a mechanic's lien against this interest, and against the machinery and fixtures in the mill owned by the defendants. The law authorizes the establishment of a mechanic's lien against leasehold interests. Section 4, chapter 100, acts of Sixteenth General Assembly. If the plaintiff sought merely to establish a lien upon the machinery and fixtures, aside from the interest of the defendants in the real estate, the rule might be different. In that case it might with propriety be said that plaintiff could have been fully protected by chattel mortgage, or by retaining title to the machinery. The plaintiff's right as the holder of a lien was fixed by the situation of the parties and the property when the machinery was delivered and placed in the mill, and if the claim for a lien was filed within the proper time plaintiff lost no right by reason of subsequent incumbrances, or the bankruptcy of the defendants.

In our opinion the learned circuit judge correctly held that the plaintiff was entitled to a mechanic's lien on the premises and improvements thereon superior to the rights or liens of

any of the intervenors. The amount found to be due the plaintiff exceeds the amount for which the property sold, and the plaintiff, under the agreement, is entitled to the whole proceeds of the sale. It is not disputed that the plaintiff's claim for a lien was filed within ninety days from furnishing the last of the machinery, and if the lien be held valid there seems to be no question as to its priority.

The question as to the jurisdiction of the court to determine whether the mortgage is a fraud upon the bankrupt law has been argued at length by counsel for the respective intervenors. It is not necessary to determine that question. When we find, as we do, that plaintiff's mechanic's lien is valid and superior to the rights of the intervenors, we have determined all there is in the case.

AFFIRMED.