## RANDALL v. LE BRON ELECTRICAL WORKS, Inc.

(Circuit Court of Appeals, Eighth Circuit. August 20, 1924.)

### No. 6530.

Mechanics' liens ☞32—Machinery held under Iowa statute to support lien.

Machinery fixed to floor of factory by bolts, but which could be removed without any serious injury to building, *held* of such a character as under Iowa statute would support mechanic's lien when installed for factory purposes.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

In the matter of the estate of Thermopak Company, bankrupt; William L. Randall, trustee. From a decision granting petition of the Le Bron Electrical Works, Inc., for establishment of a mechanic's lien in its favor for machinery furnished bankrupt, the trustee appeals. Affirmed.

Howard Saxton, of Omaha, Neb. (Baldrige & Saxton, of Omaha, Neb., on the brief), for appellant.

Abel V. Shotwell, of Omaha, Neb., for appellee.

Before KENYON, Circuit Judge, and AMIDON and SCOTT, District Judges.

AMIDON, District Judge. The Electrical Company filed a petition in the bankruptcy court for the establishment of a mechanic's lien in its favor for machinery furnished to the Thermopak Company, and the property covered by the lien having been sold by order of the court of bankruptcy free of liens, it also asked that the trustee should pay its claim as a preferred claim out of the money realized on such sale. The trial court granted the petition, and the trustee in bankruptcy brings this appeal to review that decision.

The Thermopak Company was engaged in the manufacture of a cardboard device which it claimed had the same qualities as a thermos bottle in preserving the temperature of whatever was placed in the container. It first started business at Omaha. The Electrical Company made and supplied the machinery for the manufacture of its cardboard containers. Afterwards the Thermopak Company removed its business to Muscatine, Iowa, built a factory there, and obtained from the Electrical Company machinery for the manufacture of its containers. This machinery was installed in the factory. Part of the company's claim for machinery had been paid, but at the conclusion of the installation in the factory at Muscatine a statement of account was arrived at between the parties, and the balance due was fixed at $8,441.76. The Thermopak Company executed its note in favor of the Electrical Company for that amount, which was accepted by the Electrical Company upon the express condition that if the Electrical Company's bank would accept the note as a discount, the Electrical Company would treat that as a payment of the balance. Otherwise, the note was to be returned to the Thermopak Company. The bank declined to accept the paper, and it was returned. The only feature of importance resulting from that transaction is the fact that it settled between the parties the amount that was due for the machinery.

The defendant at the trial raised several minor questions of practice. We have examined them carefully, and are clearly of the opinion that they are devoid of merit.

The principal question in the case is whether the machinery was of such a character as under the Iowa statute would support a mechanic's lien. It was affixed to the floor of the factory by means of bolts, but could be removed without any serious injury to the building. The evidence, however, is clear that the machinery was furnished as a part of the factory, and under the express language of the Iowa statute (Code, § 3089) machinery so furnished entitles the party furnishing it to a lien. The statute is as follows: "Every person who shall do any labor upon, or furnish any materials, machinery or fixtures for, any building. * * *" The statute thus provides for a lien for machinery, and sets that off in distinction to fixtures. So whether the machinery would come technically under the definition of a fixture in its connection with the real property is not material. If it was furnished as a part of a factory, and was installed in a building constructed for that purpose, the lien arises for the machinery as well as for fixtures strictly within that term. Nordyke v. Hawkeye Woolen Mills, 53 Iowa, 521, 5 N. W. 593.

The proper rule in such a case is stated with remarkable accuracy and wisdom by Judge Sanborn, speaking for this court, in Hooven, Owens & Rentschler Co. v. John

Featherstone's Sons, 111 Fed. 81, 94, 49 C. C. A. 229, 242, as follows: "The true test is the intent to permanently incorporate the article with the plant or property, and the permanent and habitual use of it as a part of the real estate. And the true rule is that in a controversy between the claimant of a mechanic's lien and the owner of real estate upon which the property of the lienor has been placed, * * * engines, machinery, houses, buildings, and every other thing which is essential to the particular use to which the realty is applied, or between which and the balance of the realty there is a manifest and necessary dependence, or which is intended to be and is permanently and habitually used as a part of the property constituting the real estate of the owner upon which it was placed, becomes a part of that realty, whether it can be removed without physical injury to the realty or not, however slight its physical connection with the real estate, and even when there is no actual fastening of the one to the other"— citing many authorities.

The decision of the trial court was correct and is affirmed.