GRAY & STEVENSON v. DUNHAM ET AL.

1. **Mechanic's Lien:** MERGER. Where a mechanic's lien, which misdescribed the property intended to be covered thereby, had been foreclosed, it was *held* that the lien did not become merged in the judgment so that another lien, correctly describing the property, might not be filed.

2. ——: ——. The mistake in the lien is not irremediable, and it will not prevent a party who has furnished materials from claiming a lien upon the property intended to be described.

*Appeal from Guthrie District Court.*

WEDNESDAY, DECEMBER 11.

THE plaintiffs filed their amended and substituted petition, alleging that on the 17th day of April, 1876, the plaintiffs made a parol contract with the defendant J. A. Dunham, to furnish lumber and material for a certain one and one-half story dwelling, situated on lot No. 4, in block No. 54, in the town of Stuart—the defendant, at the time, being the owner of said lot; that under and by virtue of said contract the plaintiffs furnished lumber and materials, as specified in exhibit "A," attached to the original petition, which lumber and materials were furnished for and used in the erection of said building; that on the 22d of December, 1877, the

plaintiffs filed, in the office of the clerk of the District Court in and for Guthrie county, a just and true account of their demand, verified by affidavit, and claiming a mechanic's lien therefor, copies of which account and affidavit are appended to the original petition, marked "A" and "B;" that on the first day of the October Term, 1877, the plaintiffs obtained a judgment upon said claim against said defendants for the sum of two hundred and fifty-seven dollars and fifty-one cents, and twenty-six dollars attorney's fees, and, through mistake, foreclosed and established a mechanic's lien theretofore filed upon a dwelling-house (if any there be) situate on lot 4, block 52, Kenworthy's first addition to the town of Stuart; that said dwelling-house, a lien upon which is now sought to be established, is situated upon lot 4, block 54, in said town of Stuart.

The plaintiffs pray that the mechanic's lien so as aforesaid foreclosed and established be amended, set aside and vacated, and that their mechanic's lien upon the dwelling-house situate on lot 4, block 54, in said town of Stuart, be established and foreclosed, and the said dwelling-house be sold to satisfy the judgment heretofore recited as having been obtained by plaintiffs against the defendants at the October Term, 1877. This petition was filed March 20, 1878, the original petition having been filed on the 6th of the same month. The exhibits referred to in this petition are not set forth in the abstract.

The defendants demurred to this petition. The demurrer was overrruled, and the defendants electing to stand upon their demurrer, a decree was entered as prayed, setting aside the foreclosure of a lien upon the lot described in block 52, and foreclosing the lien upon the corresponding lot in block 54. The defendants appeal.

*E. R. Fogg,* for appellants.

*C. Haden* and *J. L. Tait,* for appellees.

DAY, J.—I. The plaintiffs, as appears from the allegation of the petition, furnished material for the building of a

*1. MECHANIC'S lien: merger.*

house upon a lot in block 54 of the town of Stuart. A mechanic's lien was filed in which, by mistake, the lot was described as situated in block 52. On the 1st day of October, 1877, the plaintiffs obtained judgment upon their claim for two hundred and fifty-seven dollars and fifty-one cents debt, and twenty-six dollars attorney's fees, and a foreclosure of their mechanic's lien upon a lot described as situated in block 52. Afterward, on the 22d day of December, 1877, the plaintiffs filed in the office of the clerk of the District Court a just and true account of their demand, verified by affidavit, claiming a mechanic's lien upon lot 4, in block 54, the lot upon which the materials furnished by plaintiffs were used. This action is brought to set aside the mechanic's lien established and foreclosed upon lot 4, in block 52, and to establish and foreclose the lien upon lot 4, in block 54.

1. The appellant claims that the account which plaintiffs held against the defendants was merged in the judgment of October 1, 1877, and that it cannot be made the basis of a claim for a mechanic's lien. It is doubtless true that the general rule is that, by a judgment at law or a decree in chancery, the contract or instrument upon which the proceeding is based becomes entirely merged in the judgment. Its force and effect are then expended, and all remaining legal liability is transferred to the judgment or decree. *Wyman v. Cochrane*, 35 Ill., 152. But the facts in this case are peculiar, and such as, we think, should take it out of the operation of the general rule.

A mistake was made in the description of the lot upon which the lien was claimed. It must be conceded that if this mistake had been discovered before judgment the judgment in its present form would not have been taken. There is no absolute rule of law or principle of equity which demands that, under these circumstances, the account should be treated

Gray & Stevenson v. Dunham.

as so finally and entirely merged in the judgment that it cannot furnish the basis of a claim for a mechanic's lien on the property for which the material was furnished. Such a holding would prefer shadow to substance, and would permit a mere technicality to triumph over broad and beneficent equitable principles. We are of opinion that, under the circumstances, the statement for a lien was properly filed, notwithstanding the judgment.

2. It is further claimed by appellants that the mistake in filing the claim for a lien is irremediable; that plaintiffs were bound at their peril properly to describe the property upon which the lien was claimed. In support of this view appellants cite *Lindly v. Cross*, 31 Ind., 106. This authority is not applicable. In that case the property on which the lien was claimed was described as lots "6 and 7" instead of "3 and 4." The plaintiffs, without attempting to file a lien upon the property for which the material was furnished, asked the court to correct the lien already filed, and establish it against lots 3 and 4. The court held that the lien is created by statute, and the court had no power to reform it. In this case, within the time allowed by law, a statement for a lien upon the property, correctly described, was filed. We know of no sufficient reason why a mistake in the description of the property upon which a lien is claimed should prevent a party from claiming a lien upon the property intended to be described.

II. It is claimed that the decree erroneously establishes a lien upon the property in question for the twenty-six dollars attorney's fee. The decree does not in direct terms establish a lien for this part of the judgment, but it does establish a lien for the judgment generally, without excluding the attorney's fee. The record does not disclose enough to enable us to determine how this attorney's fee became originally incorporated in the judgment. It cannot, we think, be made a lien upon the property in question. The decree will be so modified as to refuse a lien for this portion of the judgment.

As this relief might have been obtained in the court below, if the attention of the court had been directed to it by motion, the modification will be made without cost to the appellees.

MODIFIED AND AFFIRMED.