The National Lumber Co. v. Bowman.

THE NATIONAL LUMBER COMPANY v. BOWMAN.

1.  **Mechanic's Lien: COLLATERAL SECURITY TO DEFEAT.** In an action by a material man against a landlord and tenant to establish and enforce a mechanic's lien upon improvements placed on the premises by the tenant, the fact that plaintiff sought to establish that the landlord was a purchaser of the materials, and to make him personally liable, did not defeat the right to a lien, under section 2129 of the Code, providing that one cannot have a lien who has collateral security on the contract,—where the claim of personal liability was before trial dismissed without prejudice.

2.  ——— : **ERROR IN DESCRIBING PREMISES : ACTUAL NOTICE.** In such action, an error in describing the premises, in the claim filed for the lien, did not defeat the right to the lien as against the landlord, where he had actual notice of all the facts, and could not have been misled by the error, but must have known that the lien was claimed on these very improvements.

3.  ——— : **LANDLORD'S AND MECHANIC'S LIENS : CHATTEL MORTGAGE : PRIORITY.** A mechanic's lien for materials, on improvements made by a tenant on leased land in accordance with the terms of the lease, and with knowledge of the landlord, is superior to the landlord's lien for rent, and also to a chattel mortgage on the improvements taken by the landlord after they were made, but prior to the proceedings to establish the lien. (See opinion for statutes and cases cited.)

*Appeal from Fremont District Court.*—HON. A. B. THORNELL, Judge.

FILED, MAY 27, 1889.

THIS is an action for the foreclosure of a mechanic's lien, and the following agreed statement is taken from the abstract:

The National Lumber Co. v. Bowman.

"It is admitted that at all times herein referred to the plaintiff [defendant Bowman ?] was the owner of the premises described in petition. It is admitted that on the first day of March, 1885, defendant Bowman leased said premises to defendant Givens, for the term of four years from March 1, 1885, at the annual rental of nine hundred and thirty dollars for first year, due December 1, 1885; nine hundred dollars for second year, due December 1, 1886; eight hundred and forty dollars for third year, due December 1, 1887; seven hundred and ninety-five dollars for fourth year, due December 1, 1888. That said lease was in writing, and introduced in evidence, and provides that the landlord shall have a lien on all crops raised, and on all other property of tenant brought on the demised premises, whether exempt from execution and attachment or not. It further provides that said tenant shall have the right to erect such improvements thereon as he may deem proper, and at the termination of the lease the landlord shall have the option of buying such improvements at their appraised value. It is admitted that said lease terminated March 1, 1889. It is admitted that defendant Givens, while in possession of said premises under said lease, erected certain improvements thereon, consisting of one corn-crib, one windmill and tower, one set of scales, one hog-house, ten feed-boxes, for which plaintiff sold and delivered to said Givens lumber and material amounting to four hundred and forty dollars, of which $134.76 has been paid, leaving a balance of $305.24, for which plaintiff obtained judgment by default against defendant Givens. That said lumber and material were sold and delivered on account from October 27 to December 10, 1885, in pursuance of a verbal contract therefor. It is further admitted, and the proof shows, that on January 16, 1886, plaintiff duly filed with the clerk of Fremont county district court a sworn statement of said account and claim for mechanic's lien on the improvements of defendant, which are described as situated on section 29, instead of section 23, on which the improvements referred to are situated; but otherwise it is admitted

that said lien, as filed, was sufficient, and in due form of law. It is admitted that plaintiff at all times claimed, and Bowman denied, a personal liability for the purchase of said lumber; and that on the trial of this cause plaintiff dismissed his claim against defendant Bowman for personal liability without prejudice to a future action." It is also an undisputed fact that defendant Bowman was present when the improvements were made on the premises, and knew of the lumber being procured for the purpose. Defendant Bowman alone made defense. There was a judgment for plaintiff, and defendant Bowman appeals.

*W. P. Ferguson*, for appellant.

*James McCabe*, for appellee.

GRANGER, J.—It will be observed that the contract by which Givens held the premises provided "that said tenant shall have the right to erect such improvements thereon as he may deem proper, and at the termination of the lease the landlord shall have the right to buy such improvements at their appraised value." There is no dispute but that the lien would attach as against Givens. The inquiries in the case are as to defendant Bowman's rights in the improvements, and we notice the different arguments in the order presented.

I.   It is urged that plaintiff cannot avail itself of the lien claimed, because it has taken security which, under Code, section 2129, would defeat the lien. That section, in substance, is that a party shall not be entitled to the benefit of such a lien who has collateral security on the contract. The security referred to in this case is that of Bowman himself. In the suit plaintiff sought to establish that Bowman was a purchaser of the lumber, and make him personally liable, which fact Bowman denied, and before the final submission of the cause that claim was dismissed as to him without prejudice. The fact of

1. MECHANIC'S lien: collateral security to defeat.

The National Lumber Co. v. Bowman.

security or personal liability is not admitted or established in the case. The argument, without the fact to sustain it, is entirely without utility.

II.  The agreed statement shows that in filing the statement for mechanic's lien the section of land was by mistake inserted as "twenty-nine" instead of "twenty-three," and it is insisted that it amounted to no statement of a lien as to the premises in question.  The filing of a statement was not necessary to charge defendant Givens.  He had full notice without, and the admitted facts and testimony show that defendant Bowman had as much knowledge of the material facts as Givens.  Bowman had constructive knowledge of the claim as filed.  He knew Givens to be his tenant, and making the improvement on his premises, and must have known of the error, and that plaintiff claimed the lien on these particular improvements.  An admission in the case is that plaintiff at all times claimed a personal liability against Bowman for the lumber, which was denied. *Noel v. Temple*, 12 Iowa, 276 ; *Kidd v. Wilson*, 23 Iowa, 464 ; Code, sec. 2133.

*2. ——: error in describing premises: actual notice.*

III.  The lien, as established by the district court, attaches only to certain improvements, and not to the land.  Appellant claims that his landlord's lien is prior thereto, and also that his chattel mortgage on the improvements, made subsequent to the improvements, but before the commencement of this proceeding, must take priority.  We think subdivision 4 of section 2135 of the Revised Code is conclusive of the question.  It in terms provides that for things furnished or work done, including those for repairs, additions and betterments, the lien shall attach to the buildings, erections or improvements for which they were furnished or done, in preference to any prior lien, or encumbrance, or mortgage on the land, which seems to contemplate that, as to improvements created by the materials or labor, the lien thereon shall be prior to all others.  Section 2133 in terms provides that a failure to file the statement

*3. ——: landlord's and mechanic's liens: chattel mortgage: priority.*

within the time prescribed shall not defeat the lien, except as to purchasers and encumbrancers without notice. In this case Bowman had notice, which must be conclusive both as to the landlord's lien created by lease, and the mortgage afterwards given. This view finds support in the case of *Nordyke & Marmon Co. v. Woolen-Mills Co.*, 53 Iowa, 521. We find no error in the proceeding of the district court, and its judgment is

AFFIRMED.