McGillivray Brothers, Appellants, v. The District Township of Barton.

**Public Buildings:** MATERIAL MAN'S CLAIM. Chapter 179, Acts Twentieth General Assembly, gives a valid claim and certain priorities to those who furnish material for a public building and who, within a stated time, file an itemized *sworn* statement with the officers of the corporation to which such building belongs. *Held,* a statement filed without jurat attached is insufficient though it was in fact sworn to.

SAME: PRACTICE. Such statement cannot be amended after the time for filing it has expired so as to show that it was in fact sworn to.

SAME: ESTOPPEL. A payment upon such demand without jurat is unauthorized and does not estop the corporation to question the sufficiency of the statement.

*Appeal from Worth District Court.*—HON. P. W. BURR, Judge.

THURSDAY, JANUARY 23, 1896.

Action against the defendant for the recovery of a balance claimed to be due for lumber furnished a contractor for the erection of a school house for defendant district. Demurrer to petition sustained, and plaintiffs appeal.—*Affirmed.*

*J. H. Sweney* and *A. B. Lovejoy* for appellants.

*Collins & Forbes* for appellee.

Kinne, J.—I. The following facts appear in the petition: Plaintiffs, who are dealers in lumber, entered into a contract with one Hays to furnish him lumber for a certain school house, which he was to erect for the defendant district, for four hundred dollars. They claim there is a balance of one hundred and twenty-two dollars and eighty-two cents and interest due

them. The last of the material was furnished on October 29, 1892. An itemized statement of the lumber so furnished was filed with the proper officers of defendant on November 26, 1892. It was in fact sworn to by one of the members of plaintiff's firm, but, by mistake or oversight of the notary, the jurat was not written out in said statement, nor was the notary's name signed, nor was any impression of seal thereon. Plaintiffs asked to have said statements so filed amended and corrected by adding thereto the jurat and official signature of the notary administering the oath, and that he be empowered to affix his seal thereto. They also plead that after the statement had been filed, and without objection to the form thereof defendant's officers recognized the same as binding upon the defendant, and on December 10, 1892, paid plaintiffs a part of their claim, whereby defendant is now estopped from questioning the form or sufficiency of the statement so filed. To this petition a demurrer was interposed—*First*, because the petition did not state facts entitling plaintiffs to the relief demanded; and, *second*, because the petition shows on its face that plaintiffs are entitled to no relief, because it is alleged that the paper filed with the officers of defendant did not purport to be sworn to. This demurrer was sustained and plaintiffs elected to stand on their petition, and excepted to the ruling.

II. This case, as we view it, presents but two questions which need be considered—*First*, can a binding claim be made against the defendant district by doing any act or acts which are not in full compliance with the terms of the statute authorizing such claims? and, *second*, is the defendant estopped from questioning the sufficiency of the claim or demand in fact filed? The first question must be determined by the provisions of the statute itself. Section 1 of chapter 179 of the Acts of the Twentieth General

Assembly provides: "Every mechanic, laborer, or other person who as sub-contractor shall perform labor upon, or furnish materials for the construction of any public building or bridge or other improvement not belonging to the state, shall have a valid claim against the public corporation constructing such building, bridge or other improvement for the value of such services and material, in an amount not in excess of the contract price to be paid for the building, bridge or other improvement, nor shall any such corporation be required to pay any such claim, at any time before, or in any manner different from that provided in the principal contract." Section 2 of the same act provides: "Such claim shall be made by filing with the public officer through whose order the payment is to be made, an itemized and sworn statement of the demand within thirty days after the performance of the last labor or the furnishing of the last portion of the material, and claims shall have priority in the order in which they shall be filed." Now, the material man under these provisions, has "a valid claim against" the school district, in case he, within the time provided by section 2 of the act, files "an itemized and sworn statement of the demand" with the proper officers. In the case at bar, plaintiffs filed an itemized statement of their demand with the proper officers, and in proper time, but there was no jurat attached. It seems that, as a matter of fact, it was sworn to, but there was nothing to show that fact to the defendant's officers. The argument is that if it was in fact sworn to, though that fact was not made to appear by a proper jurat and seal, still it was "a sworn statement," and in compliance with the provisions of the statute. We think the statute requires that the itemized statement which must be filed must be one which shows on its face that it is a sworn statement. That this is a proper construction

of the statute is manifest when we consider the purpose of the lawmakers in requiring such statement to be filed as a basis of liability. It was intended, by requiring claimants to present their demands under the sanctity of an oath, to thus insure the correctness of the demand, and to prevent the making of illegal and improper demands against such corporations. In other words, by requiring claimants to swear to their statements, the officer or board with or against whom they were filed might have some assurance that they were legitimate and proper demands. Now, if the requirements of the law are satisfied by such statements being sworn to, though there is nothing in the statement to show that fact, then the protection which the statute has sought to give to public officers who must pass upon such demands amounts to nothing; for they have no means of knowing, when such a statement is presented, whether it has been sworn to or not. The statement must be such as, on its face, conveys to the party sought to be held the knowledge that it has apparently been sworn to as the law requires. This the statement filed did not do. It was therefore ineffective to bind the defendant, and cannot be made the basis of a recovery against it. We cannot review, much less refer to, the one hundred or more citations of counsel. We ground our holding upon the fact that here, by law, a remedy is provided for material men against certain classes of corporations. It is to be had only upon a full compliance with the requirements of the statute. It is no hardship to insist that claimants for public funds shall comply with statutory provisions enacted for the protection of the public and its officers, in the discharge of their duties. We have held that, if such a claim be not filed within the time fixed the remedy is not available to the claimant. *Breneman v. Harvey*, 70 Iowa, 480 (30 N. W. Rep. 846). The right to make a claim against such a corporation as the

defendant is given by statute, and the one to be bene-
fited thereby must clearly bring himself within its
provisions. *Lounsbury v. Railroad Co.*, 49 Iowa, 256;
*McNaught v. Railroad Co.*, 30 Iowa, 336. And see,
also *Ware v. Delahaye*, 95 Iowa, 667 (64 N. W. Rep. 644).
The claim, therefore, was not a sworn statement, such
as the law requires, and hence it could not be made
the basis of a liability against the defendant.

III.   It is said the court erred in refusing to allow
the statement to be amended by adding a jurat. It
was about fourteen months after the thirty days had
expired, within which the itemized sworn statement
was required to be filed with the defendant's officers,
when it was first proposed to amend it by adding a
jurat.   There was no error in refusing to allow the
amendment, because, if allowed, it could not affect the
question as to whether the statement, when
filed, was in compliance with the law. The
liability of defendants to pay must be
determined, so far as the statement was concerned, by
what was filed within the thirty days after the last
item of material was furnished. No statement subse-
quently filed could avail plaintiffs, and it is equally
clear that, if an insufficient statement was filed within
the thirty days, no amendment made thereto after the
expiration of the thirty days could make it good and
binding upon the defendant district.

IV.   The only question remaining is as to whether
the defendant, by paying a part of plaintiff's claim
after the defective statement was filed, is estopped to
now question the sufficiency of the statement.
The defendant's officers had no right or
authority whatever to pay any part of plaintiff's
claim, in the absence of an itemized, sworn statement
of their demand having been filed within the thirty
days as provided by the statute. No discretion was
vested in defendant's officers to pay the claim on a

defective statement, or any statement, being filed which did not on its face contain evidence that it had apparently been sworn to. Defendant cannot be estopped from resisting payment because its officers exceeded the authority vested in them under the law and did an unauthorized act. Even if the defendant could have ratified the unauthorized act of its officers in making a payment on plaintiff's claim,—a point we do not decide,—still no such ratification is pleaded. We do not think the doctrine of estoppel can be invoked to aid the plaintiffs. The demurrer was properly sustained.—*Affirmed.*