ST. CROIX LUMBER COMPANY, v. M. C. DAVIS, Appellant, SOPHIA G. STERLING, *et al.*, Appellees.

**Mechanic's Lien:** MISTAKE IN STATEMENT. The mistake that will nullify the statement for a mechanic's lien, must, when no one is directly injured, be wilful and intentional.

RULE APPLIED. ' One who furnishes material for use in a building in the process of construction will not be denied a lien for the full amount furnished, although some of the items are not used in the building.

SAME. An honest mistake on the part of the manager of a corporation which furnishes materials for the construction of a building, in making out a statement for a lien for the entire amount, including an account against the person acting as agent for the owner, will not invalidate the lien, although the bookkeeper placed in such account items for materials, which, to his knowledge, did not go into the building, especially where the trial court restated the account, deducting such items and allowing a lien for the balance, alone.

PRACTICE. Mechanic's liens should not be allowed to parties in an action to foreclose a mechanic's lien who file no pleadings and introduce no evidence.

**Mortgage:** RELEASE: *Liens.* A mortgage on land is not released, so as to let in a subsequent mechanic's lien, by the mortgagee's taking, after the right to lien has accrued, a deed to the premises, as security for the amount included in the first mortgage, and a new loan, unless there was a clear intent that it should have that effect.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

THURSDAY, APRIL 7, 1898.

This is an action to foreclose a mechanic's lien. Davis, one of the defendants, holds two mortgages on the premises, both made before the material was furnished for which the lien is sought. He also took a deed for the land after plaintiff's right accrued. Sophia G. Sterling, the former owner, who deeded to Davis, and various mechanic's lien claimants, are also made defendants. The trial court gave plaintiff a first lien, and established the liens of the other material men in an order that is not complained of. The claim or lien of Davis was adjudged subject to all the mechanics' liens, and he appeals.—*Modified and Affirmed.*

*Marks & Mould*, for appellant.

*J. P. Blood & Co.* and *H. V. Cheever*, for appellee.

Waterman, J.—The defendant Sophia G. Sterling was the owner of the real estate in controversy. On January 16, 1891, she executed a mortgage thereon to defendant Davis to secure the sum of three thousand dollars, with 8 per cent. interest from December 23, 1890. On July 14, 1892, she executed to said Davis another mortgage for four thousand dollars, with interest at 8 per cent. from that date. About September 24, 1892, she entered into an oral agreement with plaintiff, whereby it was to furnish lumber and other material for the erection of two dwelling houses, one on lot 12 in block 9, and one on lot 12 in block 10, in Sioux City, being a part only of the real estate described in the Davis mortgages. The other mechanics' liens claimed by various defendants grew out of the making of these improvements. Plaintiff, in compliance with said contract, furnished lumber and material, and filed its claim for a lien, showing a balance due it of two thousand two hundred and ninety-eight dollars and thirty-one cents. This statement was

filed May 27, 1893. Just prior to this, on May 24th, Sophia G. Sterling and husband deeded the premises in question to defendant Davis.

II.   The first question presented, as stated by counsel, is in this form: "Is the statement of account attached to plaintiff's claim for a lien a just and true statement as required by the statute?" The statement of account contained charges for material that was not intended for, and never went into the building, but which was sold to F. M. Sterling, the husband of Sophia G., who was a general contractor, and who used the material in other buildings. It may be well to say here that F. M. Sterling acted as agent for his wife in buying the material for the buildings upon which the lien is sought. The items spoken of were placed in the account by the plaintiff's bookkeeper, who was aware of the fact that the material so charged for did not go into these buildings. But plaintiff's manager, who verified the account, did not know of this error, but believed the account to be just and true. Counsel for appellant claim that this statement of account, being inaccurate, will afford no proper basis for a lien, and they rely upon *Stubbs v. Railway Co.*, 65 Iowa, 513, but we think the facts of this case do not bring it within the rule there laid down. In that case there was willful wrong; in this only an unintentional mistake, by reason of which no one has suffered. This case is ruled by *Green Bay Lumber Co., v. Miller*, 98 Iowa, 468. The mistake or inaccuracy that will nullify the statement for a lien must, at least where no one is directly injured by it, be willful and intentional.

III.   The trial court re-stated plaintiff's account according to the testimony, and allowed it in the sum of one thousand, nine hundred and forty dollars and ninety-seven cents. To this amount appellant excepts,

and insists that it should be further reduced.   While there are some other items of material that did not go into the buildings, we are not able to say from the evidence that plaintiff knew or had any reason to believe that it was not taken to use under the contract for Mrs. Sterling's house.   We shall permit the amount fixed by the court below to stand.   See *Esslinger v. Huebner*, 22 Wis. 632.

IV.  The next question proposed and discussed by counsel is, "Did the mortgages given to defendant Davis merge in the deed of the property subsequently given?"

This proposition does not correctly embody, or exactly state, the issue presented, though it is assented to by counsel for both parties.   Davis has no deed, except in form.   In his answer he alleges that he took this conveyance only as security for the sum of four thousand dollars.   In his testimony he says the deed was made to him to secure the payment of a sum of four thousand dollars, which Sterling was owing him in addition to the amounts secured by the two mortgages.   The deed, in form, was in fact a mortgage to secure an additional sum due Davis.   The testimony on this point is uncontradicted.   There is no question of merger in the case.   But the consideration named in this deed was thirteen thousand dollars, and it may be claimed that the presumption arising from this is sufficient to overcome the positive testimony to which we have referred, and established that Davis took this conveyance as security for the amounts included in the two earlier mortgages.   This would, perhaps, be giving undue weight to the recital of consideration; but, if we felt inclined to assent to such a proposition, it would not avail plaintiff.   Taking a second mortgage for the same debt does not operate to release the first mortgage so as to let in intervening liens, unless there is a clear intent so to do.   *Packard v. King-*

*man,* 11 Iowa, 219; *Boyd v. Beck,* 28 Ala. 703; *Bolles v. Chauncey,* 8 Conn. 389; *Walters v. Waters,* 73 Ind. 425; Jones, Mortgages, section 927. This is true although the new mortgage may secure an additional indebtedness. *Gregory v. Thomas,* 20 Wend. 17. And it is also true even in a case where the first note is surrendered. *Packard v. Kingman, supra.* In the case at bar Davis has retained the old notes and mortgages. It was certainly against his interest to cancel his prior liens. Nothing in the testimony indicates that he intended to do so. The first two mortgages held by Davis are prior and superior liens to the lien of plaintiff. We know of no reason why he should not have been allowed to foreclose them in this action.

V.    Peavey & Stephens, Frank Brown, and J. G. Herman were among the defendants who were allowed liens on the premises in controversy. This was manifestly an inadvertence. Though they were parties to the action, they filed no pleadings, and introduced no testimony in the trial court.

VI.    There is due Davis on one mortgage three thousand dollars, with eight per cent. interest from December 23, 1890, and on the other four thousand dollars, with eight per cent. interest from July 14, 1892. For these amounts, together with one hundred and nine dollars and thirty-two cents for taxes paid, he is entitled to a first lien on the mortgaged property, and to special execution for its sale. Subject to Davis' lien, the plaintiff is entitled to a judgment and lien in the amount stated in the decree below, and subject to these two liens, the other material men are entitled to judgments and liens in the order and amounts stated in said decree, except Peavey & Stephens, Frank Brown and J. G. Herman. In the present state of the record neither of these parties is entitled to any relief. The decree as thus modified is AFFIRMED.