Ewing & Jewett, Appellants, v. W. E. Stockwell *et al.*

**Mechanics' Liens: STATEMENT:** *Mistake.* An inadvertent failure to give proper credits in a statement for a mechanic's lien does not render it unjust and untrue within the contemplation of the Code of 1873, section 2133, requiring the filing of a just and true statement or account of the demand due after allowing for credits.

FILING. The filing of an insufficient statement for a mechanic's lien or a failure to file any statement will not defeat the lien except as to purchasers or encumbrancers in good faith, without notice, whose rights accrued thirty or ninety days, as the case may be, before the claim was filed.

*Appeal from the Polk District Court.*—HON. W. F. CONRAD, Judge.

THURSDAY, MAY 26, 1898.

PLAINTIFFS bring this action for judgment against the defendant Stockwell, and for a decree establishing and foreclosing a mechanic's lien upon real estate described. The State Building & Loan Association of Indiana and L. E. Bolton were made defendants; and each answered, denying

plaintiff's right to a lien, and asserting their rights respectively, to judgments against defendant Stockwell, and to foreclosure of liens in their favor on said premises. The defendant Stockwell made default and judgments were entered against him in favor of each of the other parties, and decrees in favor of said association and of defendant Bolton, as prayed. The court refused to establish and foreclose the mechanic's lien claimed by the plaintiffs, and from that refusal the plaintiffs appeal.—*Reversed.*

*Dowell & Parrish* for appellants.

*B. F. Maricle* for appellee State Building & Loan Ass'n. *E. Chavannes* for appellee L. E. Bolton.

GIVEN, J.—I. The only question to be determined on this appeal is whether the appellants are entitled to the establishment and foreclosure of the mechanic's lien claimed by them. Appellees contend that they are not, for the reason that the statement for a lien filed by them is not "a just and true statement or account of the demand due him [them] after allowing all credits," as required by section 2133 of the Code of 1873. On October 10, 1895, the plaintiffs filed a duly verified statement for a mechanic's lien, in the sum of five hundred and twenty-two dollars and six cents, for lumber furnished to the defendant Stockwell for the erection of certain improvements on the premises described; the first item being furnished March 29th, and the last, July 25, 1895. This action was commenced December 10, 1895, to establish and foreclose said lien; and on January 27, 1896, the case came on for hearing on the pleadings then on file, and the proofs offered by the parties. The evidence on behalf of the plaintiffs showed that said statement for a lien was not "a just and true statement or account of the demand due him [them] after allowing all credits," for that it was omitted to credit therein the defendant Stockwell with one hundred and thirty-nine dollars and twenty-one cents discount on list prices, as per contract, and there was omitted a further credit of forty-

five dollars on account of insurance furnished to plaintiffs by said Stockwell. The evidence also showed that eight days after filing said statement, to-wit, October 18, 1895, Stockwell, in settlement of said claim, wherein he was allowed said credits, executed to plaintiffs his promissory note for the balance of three hundred and thirty-seven dollars and eighty-five cents. On the eighth day of February, 1896, the plaintiffs filed an amendment to their petition, alleging that their former statement for a lien, "because of certain unintentional errors therein, did not contain an absolutely correct statement of the account due and owing from the said W. E. Stockwell, in that it failed to give the said Stockwell certain credits to which he was entitled." They further allege that on the eighth day of February, 1896, they filed in the office of the clerk "an amendment to the statement for mechanic's lien filed on the said 10th day of October, 1895, which contains a just, true, and correct statement of the amount due and owing from the said W. E. Stockwell to these appellants for the lumber and material furnished as alleged in the original petition." The amendment to the statement for a lien attached to this amendment of the petition shows the same as the former statement, except that said credits are allowed, and a demand for "$337.85, instead of $522.06." The abstract shows that on the eighteenth day of February, 1896, the case came on for further hearing, and that the plaintiff introduced evidence to the effect that said amendment to the statement for lien was a just, true, and correct statement of the amount due to appellants. The appellants also introduced said amendment in evidence. To this evidence appellees objected, for the reason that the testimony was closed, and the case submitted; that plaintiffs showed no reason entitling them to take further evidence; and for the reason that plaintiffs knew the facts before said amendments, and that they gave no notice to appellees of the filing of said additional statement for a lien. It cannot be questioned that the first statement filed by appellants did not allow all credits to which Stockwell was entitled.

II. It is apparent, however, that the omission was

unintentional, and without any purpose to defraud. It arose in this manner: By the contract, Stockwell was to have the lumber at a certain discount on list prices. The lumber was charged at list prices, as delivered, with the intention of giving credit for the discount at the close of the account. This was omitted, and the agent of appellants who verified and filed the first statement, overlooking the omission, verified and filed the statement without giving the credit. It was also agreed that Stockwell was to have credit for certain insurance which he was to, and did thereafter, furnish to appellants. For this no credit was given on appellants' books, either through oversight, or because the amount was not reported by Stockwell. The first statement for a lien being taken from the books, the credits for the discount and insurance were not given therein. That these omissions of credit were without any intention to defraud is evidenced by the fact that eight days after the statement was filed appellants and Stockwell had a settlement, in which said credits were allowed, and Stockwell executed his promissory note for the balance, three hundred and thirty-seven dollars and eighty-five cents. The case is unlike *Stubbs v. Railroad Co.,* 65 Iowa, 513, as in that case there was an intention to defraud. In *Lumber Co. v. Miller,* 98 Iowa, 468, it is said: "A statement or account of the demand, within the statute, that is made and verified in good faith, is just and true, within the meaning of section 2133, though unintentional errors may be found to exist therein." In *Chase v. Mining Co.,* 90 Iowa, 25, it is said: "There was no intentional wrong in the statement, and no sufficient reason for applying the rule announced in *Stubbs v. Railroad Co.*" See, also, *Chicago Lumber Co. v. Des-Moines Driving Park,* 97 Iowa, 95. It is true that in the cases cited the errors in the statements were not so directly as to the amount claimed as in this, but they were as to matters equally important, and in some instances affected the amount due.

Appellee Bolton's lien is for materials furnished for the same improvements; and the building and loan association

claim under a mortgage executed May 20, 1895, which was during the period plaintiffs were furnishing the materials. As against the owner, the filing of an insufficient statement, or the failure to file any statement, will not defeat the lien. A failure to file it within the time required will not defeat the lien, except as against purchasers or incumbrancers in good faith, without notice, whose right accrued thirty or ninety days, as the case may be, and before any claim for the lien was filed. *Chicago Lumber Co. v. Des Moines Driving Park, supra.*

Our conclusion is that the plaintiffs are entitled to have their lien established as prayed, and the case will be remanded for a decree in harmony with this opinion.—Reversed.