**ROHLIN CONSTRUCTION CO., INC., Appellee,**

v.

**LAKES, INC. and Dickinson County Amusement Co., Appellants.**

No. 2–57574.

Supreme Court of Iowa.

April 20, 1977.

Qualley & Nelson, P.C., Sioux City, for appellants.

Fitzgibbons Brothers, Estherville, for appellee.

Heard before REYNOLDSON, Acting C. J., and MASON, LeGRAND, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Plaintiff brought this action to foreclose a mechanic's lien. Plaintiff's motion for summary judgment was thereafter filed and sustained. Defendants, successive owners of the realty in question, then brought this appeal. We affirm the trial court.

Plaintiff Rohlin Construction Company, Inc. (Rohlin) brought this action against defendants for $4271 plus nine percent interest (from December 15, 1973) and to foreclose its mechanic's lien against the real estate. Rohlin's petition alleged (1) at all relevant times Lakes, Inc. (Lakes) and Dickinson County Amusement Co. (Dickinson Amusement) owned the real estate in question, (2) on June 28, 1973 Rohlin and Lakes orally agreed Rohlin would furnish the material, machinery, and labor necessary to blacktop a parking area on the real estate, (3) the contract price was $4271, (4) Rohlin began the work June 28, 1973 and completed it June 29, 1973, (5) Rohlin filed a mechanic's lien against the realty January 18, 1974 mistakenly naming Storck-Oleson-Thacker Realty, Inc. as the owner, (6) on March 28, 1974 the real estate was conveyed from Lakes to Dickinson Amusement, (7) when Dickinson Amusement received the conveyance it was fully aware of Rohlin's mechanic's lien, (8) on June 7, 1974 Rohlin filed an amended and substituted mechanic's lien naming Dickinson Amusement as the owner and explaining the error in the filing of January 18, 1974, and (9) Rohlin is entitled to receive nine percent interest on the amount due since December 15, 1973.

After defendants appeared Rohlin moved for summary judgment. In the motion Rohlin relied on the pleadings in this action and on sworn testimony of defendants' officers and agents given in a separate action. The motion was sustained and the trial court awarded judgment for $4271 plus five percent interest from December 15, 1973. The trial court also ordered the mechanic's lien foreclosed.

■ I. After mistakenly naming Storck-Oleson-Thacker Realty, Inc. as owner of the real estate in the mechanic's lien of January 18, 1974, Rohlin first sought to foreclose the lien in a separate action brought against Storck-Oleson-Thacker Realty, Inc. A special appearance was filed in that action and a hearing on the special appearance was held June 5, 1974. Leonard Stoller, president of Lakes, and Fred Dowden, president

of Dickinson Amusement, were subpoenaed and testified. The testimony of Stoller and Dowden clearly established they had actual knowledge of the filing of the mechanic's lien by Rohlin against the property. Their testimony also disclosed Rohlin's error in naming Storck-Oleson-Thacker Realty, Inc. as the owner of the property. The testimony further disclosed a close relationship (intercompany sales, common ownership) between Storck-Oleson-Thacker Realty, Inc., Lakes and Dickinson Amusement. On the basis of these disclosures the mechanic's lien was corrected and the present suit was brought.

In this appeal Lakes and Dickinson Amusement object to the fact the trial court considered the earlier admissions of Stoller and Dowden in ruling on the motion for summary judgment. Defendants point out they were not parties to the earlier action. Defendants believe § 622.97, The Code, indicates a transcript from a prior proceeding is admissible in a subsequent proceeding only if the later proceeding is a retrial. They assert the purpose of such a limitation is to assure adequate cross-examination. Defendants complain they had no opportunity to cross-exam the witnesses. The trial court considered the transcript on the theory it was a further affidavit, allowed under rule 237(e), Rules of Civil Procedure. The trial court took the view § 622.97, The Code, did not prevent consideration of the testimony because the testimony was not offered as prior testimony but rather as an admission of a party opponent. See generally McCormick on Evidence, Second Ed., § 254, pp. 615–616; *Walters v. Williams*, 203 N.W.2d 383, 386 (Iowa 1973); *Barish v. Barish*, 190 Iowa 493, 495, 180 N.W. 724, 725 (1920).

We believe the transcript was properly considered as a further affidavit under rule 237(e), R.C.P. See also rule 116, R.C.P. which states: "Evidence to sustain or resist a motion may be by affidavit or in any other form to which the parties agree or the court directs. The court may require any affiant to appear for cross-examination."

Defendant's challenge to the trial court's consideration of the admissions of Stoller and Dowden is without merit.

▮ II. The trial court found Dickinson Amusement was not a good faith purchaser for value without notice under § 572.18, The Code. On appeal Dickinson Amusement assigns this finding as error.

▮ It is clear from the testimony of Stoller and Dowden that Dickinson Amusement purchased the real estate with knowledge of Rohlin's mechanic's lien. Corporations can do business only through officers or agents. Accordingly a corporation is charged with knowledge received by its officer or agent who is acting in the course of his employment and within the scope of his authority. *Eckert v. Insurance Co.*, 147 Iowa 507, 511–512, 124 N.W. 170, 171 (1910); 19 C.J.S. Corporations § 1078, pp. 613–614; 19 Am.Jur.2d Corporations, § 1263, pp. 669–671. Without question Dowden was acting within his authority as president of Dickinson Amusement when he learned of Rohlin's mechanic's lien. With such knowledge it was impossible for Dickinson Amusement to be a good faith purchaser for value without notice. *Gilmore v. New Beck Levee District, Harrison County*, 212 N.W.2d 477, 479 (Iowa 1973); *Raub v. General Income Sponsors of Iowa, Inc.*, 176 N.W.2d 216 (Iowa 1970); *Millowners Mut. Life Ins. Co. v. Goff*, 210 Iowa 1188, 232 N.W. 504 (1930). Dickinson Amusement's contention it was a good faith purchaser for value without notice under § 572.18, The Code, is without merit.

III. Two assignments which are considered together in this division comprise the assertion Rohlin failed to establish the absence of any genuine issues of material fact. Defendants point out the trial court stated:

"Under rule 237 [Rules of Civil Procedure], it is incumbent upon the defendants in this action to demonstrate that there is a genuine issue as to the material facts in this case. When the plaintiff filed its motion for summary judgment, it became incumbent upon the defendants to make a show-

ing either by affidavits or evidence at the hearing."

■ Defendants correctly argue the burden was upon Rohlin to show the absence of any genuine issues of material fact. *Steinbach v. Continental Western Ins. Co.*, 237 N.W.2d 780, 783 (Iowa 1976); *Daboll v. Hoden*, 222 N.W.2d 727, 731 (Iowa 1974). *Sherwood v. Nissen*, 179 N.W.2d 336, 339 (Iowa 1970). The trial court was wrong in stating the burden was upon the defendants rather than upon plaintiff. However the trial court's improper statement did not result in error unless the burden was in fact placed upon defendants.

Although the burden rests on the movant, in certain cases the opposing party must present a defense. Rule 237(e), R.C.P., provides in part:

"* * * When a motion for summary judgment is made and supported as proved in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

We explained rule 237(e) in *McCarney v. Des Moines Register & Tribune Co.*, 239 N.W.2d 152, 154 (Iowa 1976) as follows:

"While it is true the information before the court on a motion for summary judgment is to be viewed in the light most favorable to the person against whom the motion is filed, nevertheless that person must counter the evidentiary material submitted in support of the motions. (Authorities).

"Of course, a party may elect to stand on the record as made by his opponent but he must then succeed, if he succeeds at all, not on the strength of his own case, for he has made none, but on the weakness of his adversary's. (Authorities)."

■ The question of whether Rohlin established the absence of any genuine issue of material fact must be determined on the basis of what was before the trial court.

Defendants responded to Rohlin's motion for summary judgment only by filing a resistance and supporting brief. Accordingly Rohlin's factual assertions are considered to be unchallenged. See *Prior v. Rathjen*, 199 N.W.2d 327, 330 (Iowa 1972).

The trial court had before it: (1) Rohlin's petition, (2) Rohlin's motion for summary judgment, (3) defendants' resistance to the motion for summary judgment, (4) the exhibits attached to Rohlin's petition, and (5) the transcript of Stoller's and Dowden's testimony. From these materials the trial court properly found there was no genuine issue as to the following facts: (1) defendants owned the property at all relevant times; (2) defendant Lakes and Rohlin entered into the oral contract; (3) the agreed consideration was $4271; and, (4) neither defendant was a purchaser of the property for value without notice so as to be able to avoid the priority of a mechanic's lien under § 572.18, The Code. The foregoing material facts showed Rohlin's right to a mechanic's lien on the real estate. § 572.2, The Code. They also showed Rohlin's mechanic's lien was superior to any rights of defendants in the real estate. § 572.18, The Code.

■ Section 572.2 does not restrict the dollar amount of a mechanic's lien to the reasonable value of services provided as claimed by defendants. Section 572.2 permits a mechanic's lien to secure the entire contract price. Consequently there was no need for Rohlin to present evidence as to the reasonable value of the services it provided.

Rohlin met its burden of showing an absence of any genuine issues as to material facts. Defendants' contentions to the contrary are without merit.

■ IV. Defendants' next assignment stems from plaintiff's mistake in first naming Storck-Oleson-Thacker Realty, Inc. as owner of the property. Defendants contend Rohlin's later amendment was not allowable and was ineffective. Defendants rely on *McGillivray v. District Tp. of Barton*, 96 Iowa 629, 65 N.W. 974 (1896).

We do not believe the mistake was fatal to Rohlin's right to foreclose the lien. The manner of perfecting a mechanic's lien is provided in § 572.8, The Code, which does not require the name of an owner be set forth. The property owner's name is crucial in assuring proper indexing under § 572.22, The Code. But proper indexing was not essential in the instant case because actual knowledge was shown. The time for filing is provided in § 572.9, The Code:

"Time of filing. The statement or account required by section 572.8 shall be filed by a principal contractor within ninety days, and by a subcontractor within sixty days, from the date on which the last of the material was furnished or the last of the labor was performed. *A failure to file the same within said periods shall not defeat the lien, except as otherwise provided in this chapter.*" (Emphasis added.)

Section 572.18 otherwise provides "* * the rights of purchasers, encumbrancers, and other persons who acquire interests in good faith and for a valuable consideration, and without notice, after the expiration of the time for filing claims for such liens, shall be prior to the claims of all contractors or subcontractors who have not, at the dates such rights and interests were acquired filed their claims for such liens."

The principle that a failure to file a mechanic's lien on time does not defeat a lien except as against good faith purchasers or encumbrancers for value without notice has long been recognized in our statutory law. See § 3092, The Code, 1897. It has also been long recognized in our cases. *Hunt Hdw. Co. v. Herzoff,* 196 Iowa 715, 195 N.W. 264 (1923); *Md. Cas. Co. v. Des Moines C.E.U.,* 184 Iowa 246, 167 N.W. 695 (1918); *Cedar Rapids Sash & Door Co. v. Heinbaugh,* 183 Iowa 1236, 168 N.W. 270 (1918); *Ewing & Jewett v. Stockwell, et al,* 106 Iowa 26, 75 N.W. 657 (1898); *St. Croix Lumber Co. v. Davis,* 105 Iowa 27, 74 N.W. 756 (1898); *National Lumber Co. v. Bowman,* 77 Iowa 706, 42 N.W. 557 (1889); *Gray & Stevenson v. Dunham,* 50 Iowa 170 (1878). See also 57 C.J.S. Mechanics' Liens § 162, pp. 692–693; 53 Am.Jur.2d, Mechanics' Liens, § 228, pp. 748–749.

For the reasons pointed out in division III neither defendant can claim to be a good faith purchaser for value without notice. Therefore Rohlin's subsequent "amendment" was unnecessary for it to prevail against either defendant.

Alternatively the "amendment" could be deemed a new filing. It is not necessary to treat the "amendment" as an amendment in the sense the lien would retain its original filing date for priority purposes. Section 572.9 permits tardy filing. Under the principles previously explained a tardy filing would not affect Rohlin as against either defendant because neither defendant was a good faith purchaser for value without notice.

Finally Rohlin was entitled to no less protection than it would have enjoyed under §§ 572.9 and 572.18 if it had not previously filed a lien. The legislature did not intend to accord a person who had not previously filed more protection than a person whose original filing contains an error.

*McGillivray, supra,* relied on by defendants, is not in point. It involved claims against public entities under a statute which had a 30 day time limit for filing liens. Unlike chapter 572 liens filed after the 30 day limitation were ineffective.

Defendants' fourth assignment is without merit.

■ V. In addition to seeking foreclosure of the mechanic's lien Rohlin sought recovery of agreed interest of nine percent from December 15, 1973. Defendants believe Rohlin has blended the action for nine percent interest with an action to foreclose a mechanic's lien. Defendants argue this blending is in violation of § 572.26, The Code, which bars joining mechanic's lien foreclosure actions with independent causes. Defendants assign as error the action of the trial court allowing interest at five percent from December 15, 1973 and ask us to reverse and remand the case for further proceedings, separating the claim to fore-

close the mechanic's lien and the claim for interest.

It is important to note Rohlin does not take issue with the trial court's ruling as to interest. Rohlin does not claim it should have been granted more than five percent interest nor that it should have been granted interest prior to December 15, 1973. Accordingly those matters are not a part of this appeal and we give them no further consideration.

Our cases indicate interest may be recovered in mechanic's lien foreclosure actions. *Farrington v. Freeman,* 251 Iowa 18, 24–26, 99 N.W.2d 388, 391–393 (1959); *Spieker v. Cass County Fair Assn.,* 216 Iowa 424, 427–428, 249 N.W. 415, 416 (1933); *Southern Sur. Co. v. Jenner Bros.,* 212 Iowa 1027, 1038–1040, 237 N.W. 500, 506 (1931); *Garrison G. & L. Co. v. Farmers Merc. Co.,* 181 Iowa 568, 577, 164 N.W. 791, 794 (1917). See also 57 C.J.S. Mechanics' Liens, § 176, pp. 728–730; 53 Am.Jur.2d, Mechanics' Liens, § 246, pp. 767–768.

The cases, particularly *Southern Sur. Co., supra,* and *Spieker, supra,* reflect concern for the rights of third parties where interest is allowed. Additional third party problems also may arise on the matter of interest rates. But no such problems exist here. There were no third parties involved and the interest awarded Rohlin was the legal rate as prescribed in § 535.2, The Code.

The trial court did not err in allowing interest or in considering Rohlin's application therefor as a part of this action. Defendants' contentions to the contrary are without merit.

As all of defendants' assignments, considered individually and collectively, are without merit, we affirm the trial court.

AFFIRMED.