**DEERFIELD CONSTRUCTION CO., Appellant,**

v.

**CRISMAN CORPORATION, Appellee.**

Nos. 98–1272, 98–2075.

Supreme Court of Iowa.

Sept. 7, 2000.

Mitchell L. Taylor of Cray, Goddard, Miller & Taylor, L.L.P., Burlington, and Peter R. Weisz of Weisz & Associates, Atlanta, Georgia, for appellant.

David A. Hirsch and Marlis Robberts of Beckman & Hirsch, Burlington, and Chris-

topher D. Lane of McElwee & McElwee, North Wilkesboro, North Carolina, for appellee.

CARTER, Justice.

In separate appeals considered together, Deerfield Construction Co. (Deerfield), a general contractor, appeals from the denial of its motion for a stay of the arbitration of a dispute with Crisman Corporation (Crisman), a developer, in No. 98–1272, and also appeals from the denial of its attempt to foreclose a mechanic's lien in No. 98–2075. We affirm the judgment in No. 98–1272. The judgment in No. 98–2075 is reversed and remanded.

Deerfield was the general contractor for a Lowe's Home Improvement Center in Burlington developed by Crisman. Construction on the project commenced in 1995, and Deerfield had completed its work by August 21, 1996. Crisman initially withheld a substantial portion of the money due based on a claim of deficient workmanship. Deerfield filed a mechanic's lien on the project on September 19, 1996, in the amount of $741,415.37. On October 7, 1996, Deerfield filed a demand for arbitration. On May 5, 1997, the arbitration panel entered an award requiring Crisman to pay Deerfield $324,316.76 plus the expenses Deerfield had advanced for the arbitration and for a hearing room. In addition, the award required Deerfield to hold Crisman harmless from any subcontractor claims.

Following the award, there was correspondence between the parties concerning among other things Crisman's belief that Deerfield was still obligated to correct some concrete work and to provide a roof warranty. Based on these concerns, Crisman delayed paying the award. On July 1, 1997, Crisman requested that the arbitrators clarify the award with respect to the roof warranty, the disputed concrete work, and other unrelated matters. The arbitrators declined to do so.[1] On July 31 Deerfield filed a motion to have the district court confirm the award and reduce it to judgment. Crisman attempted to counterclaim against Deerfield in that action based on the concrete dispute and the lack of a roof warranty. On August 28 Crisman paid the principal due on the award but refused to pay any interest until the disputed matters were cleared up. On January 27, 1998, Deerfield filed a petition to foreclose its mechanic's lien on the Lowe's project. It sought judgment for $33,963.46 in interest from the date its lien was filed and for attorney fees.

On April 7, 1998, the district court confirmed the arbitration award but dismissed Crisman's counterclaim. The ruling dismissing the counterclaim stated that it was not on the merits. On April 14 Crisman demanded a second arbitration with respect to concrete repair and a roof warranty under the construction contract. Deerfield then filed a motion to stay arbitration pursuant to Iowa Code section 679A.2(2) (1997). In the action to stay the arbitration, the district court refused the stay and allowed the arbitration to proceed. In so ruling, the court stated:

> It appears and the Court finds that as urged by the Defendant [Crisman] the rear concrete repair issue was not addressed in the previous arbitration award because it reasonably appeared that the Plaintiff [Deerfield] agreed to make any necessary repairs or corrections. Further, it appears and the Court finds that the issue concerning the Plaintiff's alleged failure to provide a required roof warranty was not addressed in the earlier arbitration proceeding because it was not, or the arbitrators understood that it was not, an issue in that proceeding.

---

1. The arbitrators professed not to have further jurisdiction in the matter. The rules of the American Arbitration Association for the construction industry make no provision for a request for modification or amendment of the award. A 20–day limitation on seeking clarification is provided in Iowa Code § 679A.9 (1997).

In the mechanic's lien foreclosure action, the district court ruled that the arbitration award had settled all issues between the parties prior to May 5, 1997, concerning interest and attorney fees. It further ruled that, although Deerfield was entitled to interest on the award from the date it was rendered, the lien could not be foreclosed because the principal amount owed had been paid before the lien foreclosure action was filed.

Other details of the transaction under review will be discussed in our consideration of the legal issues presented.

## I. *Refusal to Stay Arbitration*.

■ A. *Finality of judgment.* As an initial matter, we must consider Crisman's contention that an order denying a stay of arbitration requested pursuant to section 679A.2(2) is not a final and appealable order. In *Wesley Retirement Services v. Hansen Lind Meyer, Inc.,* 594 N.W.2d 22, 27–29 (Iowa 1999), we held that an order granting a motion to stay proceedings and compel arbitration filed in a pending action was interlocutory. In that case, however, following the ruling, there remained an action in the district court that was not dismissed but only stayed as to certain counts. In contrast in the present case, the entire subject matter of the action was whether the arbitration should be stayed. The order denying the stay entirely disposed of that issue and left nothing further to be adjudicated. We conclude that the appeal has been properly taken from a final judgment.

■ B. *Issue preclusion in successive arbitrations.* The thrust of Deerfield's contention on this appeal is that the district court should have stayed the second arbitration on the ground that it was precluded by the award in the first arbitration. We have recognized that arbitration awards may have preclusive effect in later litigation if the issues are identical. *Westegard v. Davis County Community Sch. Dist.,* 580 N.W.2d 726, 728 (Iowa 1998). Courts in other jurisdictions have applied this principle to successive arbitrations. *Monmouth Pub. Sch. v. Pullen,* 141 Ill.App.3d 60, 95 Ill.Dec. 372, 489 N.E.2d 1100, 1103 (1985); *Waterfront Marine Constr., Inc. v. North End 49ers Sandbridge Bulkhead Groups, A, B & C,* 251 Va. 417, 468 S.E.2d 894, 898–900 (1996). We agree that it should be so applied.

In interpreting statutes similar to our section 679A.2(2), the courts in the *Monmouth Public Schools* and *Waterfront Marine* cases concluded that in the absence of an agreement that the arbitrator is to decide issues of arbitrability, all such issues including issue-preclusion claims are to be determined by the court. *Pullen,* 95 Ill.Dec. 372, 489 N.E.2d at 1103–05; *Waterfront Marine,* 468 S.E.2d at 903.

The evidence presented to the district court on the issue-preclusion contentions included an affidavit by Crisman's project manager that he was involved in the arbitration, and when the issue of the concrete repair came up, Deerfield's representative, Steve Bitzer, agreed that Deerfield would repair the damaged area thus removing that item from the list of disputed matters. Contained in the record of the arbitration is the following colloquy:

> MR. LANE [Crisman's attorney]: Sir, let me ask a question just about that. Is Deerfield claiming that this problem, the rough service in the lumberyard, is not their responsibility, and they're not going to fix it?
>
> MR. STEVE BITZER: No.
>
> MR. LANE: If that's true and you're going to fix it, we don't care, and we don't have to spend time now addressing it.

We believe that the record adequately supports the district court's finding that the concrete repair involved in the second request for arbitration was not an element of the award in the earlier arbitration.

We also believe that the district court correctly found that the roof warranty was not involved in the earlier arbitration as a disputed item. Deerfield has at no time

provided any reason concerning why its contractual obligation to provide that warranty is excused. The time for providing the warranty was not ripe at the time of the earlier arbitration. No persuasive reason appears for finding that the absence of a roof warranty was a matter that would have been considered at that time. We conclude that the judgment in No. 98–1272 should be affirmed.

## II. *The Mechanic's–Lien Issue.*

 In No. 98–2075, the mechanic's-lien foreclosure action, the district court concluded that the arbitration award settled the amount owed and unpaid on the project and Crisman's payment of that amount precluded the mechanic's-lien foreclosure action even though there was unpaid interest on the award of $10,274 at the time the foreclosure action was commenced. It granted summary judgment dismissing the action.

Although we agree that any interest that might have been recoverable prior to the award must be considered to have been merged in the award, interest owing on the award at the time the foreclosure action was filed was substantial. Iowa Code § 572.2. Under Iowa Code section 572.2, Deerfield's mechanic's lien served "to secure payment for the material or labor furnished or labor performed." In *Rohlin Construction Co. v. Lakes, Inc.,* 252 N.W.2d 403 (Iowa 1977), the owner in a mechanic's-lien dispute claimed that interest owed on the unpaid price was not included in the amount secured by the mechanic's lien. We rejected that contention, stating "[o]ur cases indicate interest may be recovered in mechanic's lien foreclosure actions." *Rohlin,* 252 N.W.2d at 408 (citations omitted).

We are satisfied that Deerfield's mechanic's lien included unpaid interest on the obligation established in the arbitration award. The district court erred in granting summary judgment for Crisman. That judgment is reversed and the case

remanded to the district court for further proceedings.

**No. 98–1272 AFFIRMED; No. 98–2075 REVERSED AND REMANDED.**

All justices concur except NEUMAN, J., who takes no part.