## JARVIS VS. HAMILTON.

In an action for an unlawful and forcible entry and detainer, a complaint which follows the language of the statute, and charges "that the defendant made unlawful and forcible entry into the premises in question, then in the possession of the complainant, and that the defendant continues unlawfully to hold, and with force and a strong hand to detain the same from him, contrary to the form of the statute in such case made and provided," contains a sufficient statement of a cause of action.

If the complaint was imperfect in not being sufficiently definite and certain, such objection is waived by answering and going to trial on the merits, in the justice's court.

It is a general rule, that in pleading under a statute, it is sufficient to use the language of the statute, and though there are exceptions requiring specific facts to be stated, where general language is used in the statute, yet it is not necessary in a civil proceeding to add to the language of the statute other general language, which does not make the pleading any more specific, because such other language was technically required in a common law indictment.

In an action for an unlawful and forcible entry and detainer, the particular circumstances of force and intimidation attending the entry, as well as the character of the possession invaded, whether actual or constructive, are matters of proof at the trial and not of pleading.

In an action for an unlawful and forcible entry and detainer, it is necessary to show that the entry was made with a greater degree of force than is necessary to constitute a mere trespass, and that actual force and violence was used, and also that the complainant was in the actual possession of the premises, but it is not necessary to show that he resided thereon.

An action for an unlawful detainer can be maintained under the statute, where the relation of landlord and tenant does not exist, and the actual possession of the complainant has been wrongfully invaded; without showing that the entry was accompanied with such force and violence as would sustain an indictment at

common law for forcible entry. Per PAINE, J. The cases of *Ferrall vs. Lamar*, 1 Wis., 8, and *Savage vs. Carney*, 8 Wis., 162, commented on and explained.

In an action for an unlawful detainer, a justice of the peace may try and determine every question necessarily involved in determining whether the entry of the defendant was lawful or not. Per PAINE, J.

APPEAL from the Circuit Court for *Dane* County.

The case is stated in the opinion of the court.

*Wakeleys & Vilas*, for appellant. The complaint states the cause of action in the language of the statute in all particulars. It was not necessary to set forth the particular acts of violence used by the defendant, nor whether the plaintiff's possession was actual or constructive ; these facts are matters of proof and not of pleading. The general rule, both in civil and criminal proceedings is, that where a remedy is given or an offence created by statute, it is sufficient in the complaint or indictment to follow the words of the statute. 1 Chitty Crim. Law, 282 ; *U. S. vs. Lancaster*, 2 McLean, 433 ; *U. S. vs. Mills*, 7 Peters, 142 ; *Whiting vs. State*, 14 Conn., 487 ; *State vs. Baugher*, 3 Blackf., 308 ; *U. S. vs. Gooding*, 12 Wheat., 460 ; 8 Term, 358 ; 4 Cush., 145 ; 6 Blackf., 145 ; 16 Ohio, 408 ; 8 Ind., 315 ; 3 Smedes & Marsh., 60 ; 3 Zabr., 341 ; 3 Chand., 196 ; 18 Ill., 200. The foregoing authorities show that if a complaint be defective in form or substance, it is too late after a trial upon the general issue, to take advantage of the defect.

*J. T. Clark & Geo. B. Smith*, for respondent. Our statute in relation to forcible entry and detainer, has provided for only two classes of cases : 1. Where there has been an actual forcible entry and detainer. 2. Where there has been a lawful and peaceable entry, and an unlawful detainer. *Cox vs. Groshong*, Burnett's Rep., 150 ; *Ferrall vs. Lamar*, 1 Wis., 8 ; *Savage vs. Carney*, 8 Wis., 162. The latter class can only arise where there is the relation of landlord and tenant. A forcible entry consists, in "violently taking possession of lands and tenements with menaces, force and arms, and without the authority of law. 4 Black. Com., 148. As to the kind and

degree of menaces, force, &c., necessary, see 1 Russ. on Crimes, 308; *State vs. Cargill*, 2 Brev., 445. The possession of the plaintiff must not be scrambling, but quiet, peaceable and actual, and the entry must be accompanied by actual force and intimidation. *Com. vs. 1he Keeper, &c.*, 1 Ashm, 140; 1 Russ. on Crimes, 309; 1 Hawk. P. C., chapt. 64, sec. 26; *Willard vs. Warren*, 17 Wend., 257. The entry should be charged as having been made with strong hand or a multitude of people, and it is not sufficient to say, that the party entered *vi et armis*. 1 Russ. on Crimes, 311; *Willard vs. Warren, supra; People vs. Smith*, 24 Wend., 18. The complaint does not charge that the premises were in the actual possession of any one, and the allegation of "lawful possession," is consistent with the idea that the possession by the plaintiff at the time, may have been constructive merely. Actual, personal possession by the plaintiff at the time is essential to this action. *People vs. Nelson*, 13 Johns., 342; *People vs. Van Nostrand*, 9 Wend., 51; 1 Russ. on Crimes, 312. It will not aid the case, to say that the offense is charged in the words of the statute. The statute in using the words "forcible entry," simply mentions an offense known to the common law, without attempting to say what constitutes it; that is left to the common law.

*By the Court*, PAINE, J. This was an action for an unlawful and forcible entry and detainer. It was commenced before the police justice of Madison, and taken by appeal to the circuit court, where the court refused to admit any evidence under the complaint, for the reason that it was defective in substance, and did not state facts sufficient to give the court jurisdiction.

The complaint follows the language of the statute, and avers that the defendant "made unlawful and forcible entry into the following described lands and tenements, then in the possession of said *Jarvis*" and after describing the land, proceeds, "and that said *Hamilton* continues unlawfully to hold, and with force and strong hand to detain the same from this complain-

Jarvis vs. Hamilton.

ant, contrary to the statute in such case made and provided."

The principal objection is, that the complaint does not aver that the entry was made "with strong hand," nor set out such acts of force as are requisite under this statute. The counsel for the respondent claimed, as is undoubtedly true, that to consti- tute a forcible entry there must be a greater degree of force than is necessary for a mere trespass. But it does not follow that it is necessary in pleading, to set out the particular acts by which the entry was accompanied. On the contrary, the au- thorities relied on by the respondent show that this was never necessary, even in an indictment. They all hold that it was sufficient to allege that the entry was made " with a strong hand." Yet this allegation gives no more definite idea as to what acts were really relied on as constituting the force, than does the simple allegation that the entry was forcible. And as the statute gives justices jurisdiction to inquire against those who make " forcible entry," and authorizes a complaint in writing " of any such unlawful or forcible entry," the whole question seems to be, whether, in construing the complaint, the word "forcible " may have the same meaning and effect which it has in the statute. We can see no reason why it should not. If in the statute it means such a degree of force and vi- olence as are necessary to constitute a forcible entry, it means the same in the complaint. It may just as well be held to mean this, as may the allegation that the entry was " with a strong hand." It as clearly expresses the idea that force was used in effecting the entry, and throws just as much light upon the acts really relied on as constituting such force. Either form of expression amounts to no more than that the entry was accompanied with force, leaving the facts to be proved at the trial.

It is a general rule, that in pleading under statutes, it is suf- ficient to use the language of the statute. There may be ex- ceptions to this rule, requiring the specific facts to be set forth in pleading, where general language is used in the act. But

we think it can never be necessary to add to the language of the statute, other general language which does not make the pleading any more specific and certain, merely because such other language was held technically requisite in a common law indictment. And we adopt this conclusion more readily, for the reason, that proceedings under this statute are now intended principally as a civil remedy instead of a criminal prosecution.

The authorities cited by the appellant show not only that this complaint was sufficient, but even that if it had been imperfect in not being sufficiently definite, still the objection was waived by answering and going to trial on the merits in the justice's court.

The same reasoning is applicable to the allegation that the premises were "in the lawful possession of said *Jarvis.*" It is true that an actual possession must be proved to support this allegation, within the meaning of this statute. But it is not true, as seemed to be assumed by the respondent's counsel, that the plaintiff must actually reside upon the premises. A man may very well live in the city of Madison, and yet be in the actual possession of a farm a few miles in the country. As to what constitutes an actual possession, sufficient under the statute, see *More vs. Goslin,* 5 Cal., 266 ; *Bartlett vs. Draper,* 23 Mo., 407 ; *Spaulding vs. Mayhall,* 27 id., 377 ; *House vs. Camp,* 32 Ala., 541. In pleading, it is sufficient to allege that the plaintiff was in possession, and then he must prove such a possession as is necessary under the statute.

For these reasons we hold the complaint sufficient, even assuming that under our statute, except in the case of a tenant holding over, no action can be sustained for an unlawful detainer, unless the entry also was accompanied with such force and violence as would sustain an indictment for forcible entry at common law. This position was taken by the respondent's counsel, but I think it cannot be sustained. He claimed that it resulted from the former decisions of this court, and relied

upon, *Ferrall vs. Lamar*, 1 Wis.; 8, and *Savage vs. Carney*, 8 Wis., 162. I am unable to see how such a conclusion can be derived from either of these cases. The case of *Ferrall vs. Lamar*, decided that a purchaser at a mortgage sale, *who had never been in possession*, could not obtain possession by a proceeding under the statute for an unlawful detainer. That is entirely a different proposition from saying that where one is in the actual possession of property, and another gets in without using such force as would make him liable for a forcible entry, still he may maintain his possession by a strong hand, and the first possessor cannot recover the property by a proceeding under the statute for an unlawful entry and forcible detainer. The latter proposition the court did not assert, but expressly asserted the contrary. They notice the fact that the territorial law provided only for cases of " unlawful *and* forcible entry," and they say that " much difficulty was experienced " in applying that law, and that " the courts were frequently compelled to deny the prompt and wholesome redress afforded by it, to cases of very great injury, where the degree of force deemed necessary in the law to establish a forcible entry could not be found or proved," and then they add : " Perhaps to bring this kind of cases within the summary process in forcible entry proceedings, and to extend such process to cases where a wanton trespass, but not a forcible entry, may have been committed, the legislature framed the statute as it now is." How it can be claimed, that this case decided that no proceeding could be maintained under the statute unless the entry was forcible, when the court say that the change in the phraseology of the law from the word " *and* " to the word "*or*," was made for the express purpose of extending the process to cases where an actual possession had been invaded, though without force in the entry, I am unable to see.

The case of *Savage vs. Carney*, instead of sustaining the position for which it is cited, rather tends to destroy the effect of *Ferrall vs. Lamar*, as an authority even to show that a proceed-

ing cannot be maintained under the statute for an unlawful detainer, though the plaintiff never had been in possession at all. For that case maintained its conclusion, chiefly upon the ground that justices were forbidden to try cases where title to land came in question. Yet *Savage vs. Carney*, seems to overrule that doctrine, and to hold that they may even try titles, when they come incidentally in question, in the exercise of the jurisdiction given over unlawful or forcible entries and detainers. If this is a correct construction of that case, it would seem to follow that a justice of the peace might, on a complaint for an unlawful entry, allow the defendant to show a lawful right to enter as a defense. I confess it is somewhat difficult to see how the process of this statute can be extended to cases where the entry was without force, without involving the necessity of inquiring into the rightfulness and legality of the entry. For one having title and the right to enter, may lawfully enter if he can without force.

It seems to me that the fair result of the two cases under consideration is, not that proceedings under this statute may be adopted as a substitute for ejectment, or to give possession where the plaintiff never was in possession, but that when an actual possession is invaded, whether with or without such force as amounts to a forcible entry, proceedings may be had under the statute to recover possession, and that the justice may determine every question necessarily involved in the case. This, I admit, involves the necessity of trying the right of entry, where an unlawful entry, merely, is alleged. But to deny that the proceeding can be maintained at all in such a case, throws us back amid the very difficulties which existed under the territorial statute, and to avoid which the court says expressly, in *Ferrall vs. Lamar*, the law was changed. And upon that doctrine, if a man should ride out with his family, leaving no one at his residence, and a mere intruder should enter, and maintain his possession by force when the owner returned, the latter would be driven to an ejectment, and could not resort to

this statute for relief. I think such a conclusion would do far greater violence to the language as well as to the spirit and object of this statute, than to hold that a justice may so far try titles as they may come incidentally in question in deciding upon unlawful entries.

And if I am right in this conclusion, it removes the whole ground of objection to the complaint. For it alleges that the entry was unlawful and forcible, and that the defendant detained the premises unlawfully, and " with force and *a strong hand.*" This, within the rules applicable even to indictments, would be a good complaint for an unlawful and forcible detainer, though the entry was without force, provided a proceeding can be maintained at all in such a case, as I have endeavored to show it may.

Upon this last point I have expressed only my own views, the court having decided the case upon the grounds first stated.

The judgment must be reversed, with costs, and the cause remanded for a new trial.