[No. 1484. Decided March 8, 1895.]

JAMES McHUGH, *Respondent*, v. CHARLES G. SLACK, *Appellant*.

MECHANICS' LIENS — SUFFICIENCY OF NOTICE — DESCRIPTION OF PROP-
ERTY — NAME OF OWNER — ALLEGATION OF EMPLOYMENT.

A claim of lien which describes the property as " that certain two-
story brick building, situated on lots numbered 14, 15, 16 and 17, in
block 670 of the Everett Land Company's addition to the city of
Everett, Snohomish county, Washington, which building is known
as the Slack building, and fronts on Hewitt avenue in said city, and
is about 120 feet front and extending back from said avenue 80 feet
in depth," is sufficient for purposes of identification, although not
located in such addition to the city, when there is but one such num-
bered block and but one such named street in Everett, neither of
which appear upon the plat of the land company's addition, and
there is but one such building and that is located upon Hewitt ave-
nue in block 670 of the original plat of Everett.

A claim of lien which states that the real owner has but an equi-
table interest in the premises, and mistakenly attributes the legal
ownership to another, does not thereby invalidate the lien.

A claim of lien which states that the claimant was employed by
two persons, as contractors on the building, when in fact one was
but a sub-contractor, will not invalidate the lien, especially in view
of the fact that the claimant had been told by both that they were
contractors for the erection of the building.

*Appeal from Superior Court, Snohomish County.*

*Crowley, Sullivan & Grosscup*, for appellant.
*Delaney & Gamel*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—This is an appeal by the defendant
Slack from a judgment and decree of the superior court
of Snohomish county foreclosing a mechanic's lien on
lots 14, 15, 16 and 17, in block 670, in the city of Ever-
ett. Several objections to the sufficiency of the plain-

tiff's claim of lien as introduced in evidence were interposed by the appellant in the court below, and the same are relied upon here as grounds for the reversal of the judgment.

The statute under which this lien is claimed provides that every person claiming a lien must file with the county auditor of the county in which such property, or some part thereof, is situated, a claim·containing a statement of his demand, after deducting all just credits and offsets, with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the materials, with a statement of the terms and condition of his contract, if any, and also a description of the property to be charged with the lien sufficient for identification.    Gen. Stat., § 1667.

The property sought to be charged with the lien in this instance is described in the lien notice as, "that certain two-story brick building, situated on lots numbered 14, 15, 16 and 17, in block 670, of the Everett Land Company's addition to the city of Everett, Snohomish county, Washington, aforesaid, which building is known as the Slack building, and fronts on Hewitt avenue in said city, and is about 120 feet front, and extending back from said avenue 80 feet in depth;" and the lien is claimed upon the land thus described as well as the building situated thereon.

It appears from the evidence that there is no such plat, or addition, to Everett as the Everett Land Company's addition, but the evidence discloses that the land company on December 21, 1891, filed for record in the auditor's office a plat of the "Everett Land Company's First Addition to Everett." The appellant, however, never erected any building in that addition, and there is no such property therein as that

described in respondents notice of lien, there being no block number 670 and no such street as Hewitt avenue noted on said plat. The evidence further discloses that on February 6, 1892, the said land company and W. J. Rucker and Bethel J. Rucker filed for record a duly acknowledged plat designated as a "Plat of Everett." On this latter plat, and nowhere else in the city, we find Hewitt avenue and block 670 containing lots numbered as those set forth in the notice of lien. And it is admitted that a two-story brick building belonging to, and constructed by, the appellant, of the dimensions indicated in the notice of lien, is situated on said lots and block.

A mechanic's lien is purely a creature of the statute, and can be maintained only by a substantial compliance with all of the statutory requirements. Phillips, Mech. Liens. (3d ed.) § 345. A lien claimant is required to record his claim for the purpose of giving notice to all persons interested, or who may become interested, in the property to be affected by the lien, of the amount of his claim, and of all the facts upon which it is based. And whatever facts are required by the statute to be stated in the lien notice must be stated, otherwise the notice is wholly ineffectual and no lien is thereby created or preserved.

The particular objections to the claim of lien urged by the appellant are, (1), that it does not describe any property owned by the defendant Slack with sufficient certainty for identification; (2), that it does not state the name of the owner or reputed owner; (3), that it does not state the name of the person by whom the plaintiff was employed, and does not state the name of the contractor and sub-contractors, showing the contractual relations between the defendant Slack and the plaintiff; and, (4), that it does not state the terms and

conditions of the contract under which the plaintiff performed labor and furnished material.

The statute does not require a precise and minute description of the property against which a lien is claimed to be set forth in the recorded claim or notice of lien. All that is required is a description sufficient for identification, and it matters not what particular words are used if the property is thereby identified with reasonable certainty. Any description that identifies is sufficient, though not accurate. Phillips, Mech. Liens (3d ed.), § 379.

If, by rejecting what is false in a description, enough remains to identify the property attempted to be described, the description is sufficient under the statute. And that being so, if by rejecting the words "of the Everett Land Company's addition to the city of Everett," contained in the description under consideration, the remaining portion is sufficient to identify the property, the description is not insufficient. Disregarding these words, we have the statement that the property upon which the lien is claimed is a certain two-story brick building, situated on lots numbered 14, 15, 16 and 17, in block numbered 670, which building is known as the Slack building, and fronts on Hewitt avenue in said city, and is about 120 feet front and extends back from said avenue 80 feet in depth; and we think such description amply sufficient to identify the property. As we have said, there is but one block 670, but one street known as Hewitt avenue, and but one such building as that described in the notice owned or constructed by the appellant, in the said city of Everett.

It is said by Jones, in his recent work on Liens, that the land may be described by buildings or structures covering the land, if it is sought to subject only the land so covered to the lien, and the buildings are

such in character, or are so described as to be readily identified. 2 Jones, Liens (2d ed.), § 1421. And, accordingly, in *Brown v. Coke Co.*, 16 Wis. 578, a description in a petition was held sufficient, which designated the property as "the several buildings known as the gas works of the La Crosse City Gas Light & Coke Company, situated on lots numbered 8, 9, etc., in block 14," although there was a mistake in giving the description of the lots upon which the buildings were situated by numbers and blocks. There the well-known principle was applied that the addition of a false circumstance to a description otherwise sufficient will not invalidate it. In *Scholes v. Hughes*, 77 Tex. 482 (14 S. W. 148) the property was described as a "brick city hall" in a town named, and it was held that the description was sufficient. And in *Strawn v. Cogswell*, 28 Ill. 457, a description, which was held sufficient, simply designated the property as a "mill belonging to the party of the second part" named in a contract.

According to these authorities and others that might be cited, there can be but little doubt as to the sufficiency of the description in the lien notice in question. In fact, we have seen no case in which a lien notice was held insufficient where the property was therein described with as great a degree of certainty as it is in this instance.

Is the ownership of the premises sufficiently stated in the claim of lien, is the next question to be determined. It is alleged therein that " prior to April 20, 1892, one Charles G. Slack was, and also at all the times hereinafter stated was and now is the equitable owner, and the Everett Land Company at all of said times was and now is the legal owner of said lots hereinbefore mentioned and described, and that the said

C. G. Slack is also now owner of said Slack building situated on said lots, and who caused the same to be erected." It appeared at the trial that the land company had no interest in these premises at the time of filing the lien claim, or afterward, and that the appellant was and ever since has been the owner thereof in fee. The lien notice would have satisfied the statute if it had stated simply that Mr. Slack was the owner or reputed owner, of the premises, and should the fact that he owned a greater interest in the land than that set out in the notice, or the further fact that the land company owned no interest, invalidate the lien? Under the circumstances, we think not. There are no interested subsequent purchasers or incumbrancers in this case, and of course the real owner could not have been misled or injured by the statement that he was the equitable owner only.

The action was dismissed, as we understand it, as to the Everett Land Company before trial, and therefore it was not injured or misled by the notice, nor do we think that any other party would have been misled by the statement of ownership in the notice of lien, as there was sufficient therein to enable all persons, by proper inquiry and investigation, to ascertain the real facts of the case.

We are also of the opinion that the lien notice sufficiently states the name of the person by whom the claimant was employed, as well as the name of the contractor of the owner of the building. The notice states that some time prior to the 20th day of April, 1892, Mr. Slack entered into a contract with T. L. Grant and John Callaghan for the erection and construction of said Slack building, on the lots hereinbefore mentioned and described, by which contract it was agreed that the said Grant and Callaghan were to erect and fully com-

plete and finish said building, for which the said Charles
G. Slack agreed to pay a certain stipulated price men-
tioned in said contract.    That under and by virtue of
said contract, and in furtherance thereof, the said
Grant and Callaghan, as contractors for the erection
of the said building, on or about the 20th day of April,
1892, entered into a contract with this claimant, James
McHugh, wherein and whereby this claimant promised
and agreed to furnish the materials and do the stone-
work therein specified.

It appears, however, from the evidence that T. L.
Grant, and not Grant and Callaghan, entered into a
written contract with the appellant Slack for the con-
struction of a brick building upon the lots heretofore
described in block 670, on the plat of Everett, and that
the said Grant sub-let the stonework of said building to
said John Callaghan, by whom the respondent was
subsequently employed to do the same.    But, accord-
ing to the testimony of the plaintiff at the trial, he was
told by both Callaghan and Grant that they were the
contractors for the erection of the building, and under
these circumstances we are of the opinion that the fact
that Callaghan was not such contractor ought not to
defeat the lien.

It is said by Phillips (Mech. Liens, § 345) that the
fact that a notice of lien named A as a person against
whom the claim was made as a contractor, while in fact
A and B were the contractors, will not necessarily viti-
ate it.    And applying the same principle to the lien
notice under consideration it must be held to sufficiently
state the name of the person by whom the claimant was
employed.

The objection that the lien notice does not state the
terms and conditions of the contract under which the
plaintiff performed labor and furnished material is not

tenable. In our opinion the conditions and terms of the contract are fairly specified in the claim of lien.

Lastly, it is claimed that the evidence fails to support the allegations of the complaint, as well as those of the lien, and that the evidence is too indefinite to justify the finding of the court below that there is any amount due the plaintiff and respondent. While the evidence is not very full and explicit in some respects, we think, as a whole, it is sufficient to justify the finding of the court, and the judgment will not, therefore, be disturbed on the ground of insufficiency of the evidence.

The judgment is affirmed.

DUNBAR and SCOTT, JJ., concur.

HOYT, C. J., dissents.