[No. 1907]

ALICE M. WINTERS, AS EXECUTRIX OF THE ESTATE OF NELLIE G. McCORMICK, DECEASED, AND MAR-GARET McCORMICK, A MINOR CHILD, AND DEVI-SEE UNDER THE WILL OF NELLIE G. McCORMICK, BY HER GUARDIAN AD LITEM, CHARLES FORSYTHE, RESPONDENTS, *v.* LEWIS WINTERS, NEVADA WINTERS, ET AL., APPELLANTS.

1. APPEAL AND ERROR—APPEAL BONDS.
    Where an appeal is taken both from the judgment and the order denying a motion for new trial, a single undertaking is sufficient.

2. TRUSTS—CONSTRUCTIVE TRUST—ENFORCEMENT AGAINST GRANT-EES OF TRUSTEE.
    Where a wife died, leaving her husband and several children as heirs of her separate estate, and these children, in order to enable their father to make advantageous terms with one hold-ing an incumbrance on the property, deeded their interest to him, with the understanding that he should then reconvey it, the father held the various shares in trust for the children, and his conveyance of the entire estate to part of his children, exclud-ing others, will not defeat the rights of those excluded; for, hav-ing knowledge of the arrangements, the grantees take no greater title than their grantor, and hold the share of the excluded chil-dren in trust.

3. HUSBAND AND WIFE—COMMUNITY ESTATE—STATUTES.
    A conveyance of property to a wife, consummated before the adoption of the constitution or the enactment of the commu-nity estate law (Stats. 1864–65, c. 76), which changed the com-mon law so as to provide that estates acquired by a husband or wife shall be community property, is governed by the rule of the common law, and not affected by the statute.

4. HUSBAND AND WIFE—SEPARATE ESTATE OF WIFE.
    Where, before the enactment of the community estate law (Stats. 1864–65, c. 76), land was purchased by a husband, and by his direction the deed was made to his wife, it is regarded as a gift, and becomes part of the wife's separate estate.

5. HUSBAND AND WIFE—SEPARATE ESTATE—RIGHTS OF HUSBAND.
    Where, before the enactment of the community estate law (Stats. 1864–65, c. 76), a wife purchased land with her money, or land was granted to her by a third person by way of gift, such land becomes a part of her separate estate, subject only to the husband's common-law marital rights.

ON PETITION FOR REHEARING

1. ESTATES OF DECEASED PERSONS—PROPERTY VESTS IN HEIRS,
   WHEN.
       Property vests in the heirs of the decedent dying intestate,
   immediately upon the death of such decedent.

2. IDEM—COURTS—JURISDICTION.
       The district court has the power to determine an action
   between the heirs of a decedent dying intestate where the estate
   of such decedent has never been administered upon.

APPEAL from the Second Judicial District Court of the State of Nevada, Washoe County; *John S. Orr*, Judge.

Action by Nellie G. McCormick against Lewis Winters and others, in which Alice M. Winters, as executrix, and Margaret McCormick, by her guardian *ad litem*, were substituted as plaintiffs. From a judgment for plaintiff, and an order denying their motion for new trial, defendants appeal. **Modified and affirmed.**

The facts sufficiently appear in the opinion.

*James T. Boyd* and *A. N. Salisbury*, for Appellants.

*John B. Dixon*, for Respondents.

By the Court, NORCROSS, J.:

This is an action, brought by Nellie G. McCormick, since deceased, against the above-named appellants, to obtain a judgment decreeing her to be the equitable owner of an undivided interest in certain real property in Washoe County, and that appellants herein be required to convey to her such undivided interest. From a judgment and decree in favor of the plaintiff, and from an order denying defendants' motion for a new trial, this appeal is taken.

Shortly after the rendition of the judgment, the plaintiff died, and the executrix of her last will and the guardian *ad litem* of her surviving child and devisee were substituted as plaintiffs in the action.

Counsel for respondents have moved to dismiss the appeal from the order denying motion for a new trial,

and to strike the statement on motion for a new trial from the record, upon the ground that the notice of motion and statement were not filed within time, and because there is no undertaking on appeal from such an order. In the original transcript of the record filed in this court, there appeared certain errors in the dates when certain orders extending time were filed. These errors have been corrected by the filing of certified copies of the orders as actually filed and entered. As corrected, the record shows the motion and statement to have been filed within the time allowed by law and the orders of the court extending time.

The objection that there. is not a separate undertaking on appeal from the order denying the motion for a new trial is also not well taken. It is settled under the practice in this state that one undertaking is sufficient from the judgment, and from the order denying a motion for a new trial. (*Robinson* v. *Kind,* 25 Nev. 261, 277, and authorities therein cited.)

It appears from the record that Margaret Winters died intestate, on or about May 30, 1898, leaving surviving as her heirs at law Theodore Winters, her husband, and the plaintiff and defendants, six children, issue of the marriage of the said Margaret and Theodore Winters. At the time of the death of the said Margaret Winters, there was standing on record in her name in the office of the recorder of Washoe County the real estate involved in this action. A portion of the property appears to have been deeded directly to the said Margaret Winters, and to have been on record in her name since the year 1864. The remaining property in her name at the time of her death consisted of 640 acres, and was conveyed to her by her husband, Theodore Winters, by deed, executed April 30, 1896; the property described in the several deeds, comprising all or the greater portion of what was known as the Winters ranch. The deed from Theodore Winters to Margaret Winters specifically provided that the land was conveyed to her "as her separate property and subject to her sole control and disposition."

On the 19th day of March, 1897, the said Theodore Winters and Margaret Winters, his wife, executed a mortgage to the Washoe County Bank to secure an indebtedness of $10,000 from the said Theodore Winters to said bank; the mortgage including, among other lands described, the property in the name of the said Margaret Winters. This mortgage does not appear to have been canceled or abrogated prior to the execution of the mortgage by Theodore Winters to said bank, hereinafter mentioned, and of date February 11, 1904.

A deed, dated January 26, 1904, made by the plaintiff and defendants in this action to Theodore Winters, their father, was executed by the plaintiff in the city of Sacramento, State of California, on January 30, 1904. This deed, reciting a nominal consideration of $10, conveyed property described as follows: "All the right, title and interest of the parties of the first part, of, in, and to any and all real property belonging to the said Margaret Winters at the time of her death, and situate in the County of Washoe, State of Nevada, or elsewhere."

On the 11th day of February, 1904, the said Theodore Winters executed a mortgage to the said Washoe County Bank to secure a note of even date for $15,000; the mortgage covering, in addition to other property, the real estate standing in the name of Margaret Winters at the time of her death.

On the 3d day of September, 1904, the said Theodore Winters executed a deed conveying certain real property, including that in the name of Margaret Winters at the time of her death, to the defendants, appellants herein. The deed specifically provided that the plaintiff, Nellie G. McCormick, should "take no part, share, interest or inheritance" in the demised property. The deed, in part, further provides: "That for the purpose of partially providing for the division of his estate in his lifetime to his children and his heirs whom he wishes to have and inherit the same and to avoid long and vexatious delays, great costs and expenses in administering upon his estate after his death, and in consideration of the sum of twenty-five

dollars to him in hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged, and in consideration of the love and affection he bears for and toward his said children, the said parties of the second part, and the said party of the first part does by these presents, give, grant, sell, convey and deliver unto the said parties of the second part and to their heirs and assigns forever in an undivided form equally between them and share and share alike and to be divided and disposed of between them as they may hereafter agree among themselves all of the following pieces, parcels and tracts of land now owned by the said party of the first part and standing in his name, and also gives, grants, sells, conveys, releases, remises and quitclaims unto the said parties of the second part in the same manner all of his right, title, interest and estate in and to all of those certain pieces, parcels or tracts of land and real estate now standing of record in the name of his now deceased wife, Margaret Winters (all of which although standing in her name was and is community property of and between the said party of the first part and his said deceased wife), and all forming and constituting what now is known as the Theodore Winters ranch situated in Washoe Valley, Washoe County, State of Nevada." The deed contained a reservation of a life estate in the grantor. This deed was not recorded until March 8, 1906, after the death of the said grantor, Theodore Winters.

Fraud is the basis of this action, and we think the facts established at the trial were sufficient to support a judgment and decree in favor of the plaintiff. The deed, dated January 24, 1904, from the plaintiff and defendants to their father, Theodore Winters, was executed without consideration, for the purpose of enabling the said Theodore Winters to satisfactorily adjust a certain indebtedness to the Washoe County Bank. The plaintiff, who resided in Sacramento, was, by the direction of her father, visited by one of her sisters, who informed her that it was necessary for the children to sign the deed, "because the bank was pressing them hard," and their

father had to have it to save the property. She was informed then, according to her testimony, by her sister that "the property would come back to her." Plaintiff at that time had no property whatever, other than her interest in her mother's estate. According to her testimony, which is supported by all the circumstances of the case, she had no intention of parting with her interest in the property, beyond the mere conveyance of the legal title to her father, for the purpose of enabling him the better to protect it from the threatened enforcement of the claims of the Washoe County Bank. The effect of the conveyance, so far as the plaintiff was concerned, was to transfer her interest to her father in trust, he to hold it in trust for her, subject only to a right to encumber it as a means of effecting a settlement of his then existing financial obligations, which were subjecting the property to liability of loss, if satisfactory adjustment could not be made. All of the children signed the deed at the request of their father, without consideration; and we think the effect of the conveyance was the same with all the other grantors as it was in the case of the plaintiff.

Having taken the deed from the plaintiff under the circumstances indicated, and holding plaintiff's interest in her mother's estate in trust, the deed of September 3, 1904, by Theodore Winters, conveying the property to the other children of Margaret and Theodore Winters, and thereby attempting by specific provision to cut off all right, title, or interest of the plaintiff in or to her mother's estate, was a fraud upon the rights of the plaintiff for which equity affords relief. A relation of mutual trust and confidence existed in law between all of the parties to these deeds. All had knowledge of the circumstances occasioning its execution and the purpose for which it was made. The defendants in this action could not, therefore, by the deed of their father, Theodore Winters, take absolute title to that portion of the property described in the deed which constituted the estate of the said Margaret Winters at the time of her death, and which, upon her death, had vested in the plaintiff as

one of her heirs at law. They took no greater title, under the circumstances, than that possessed by their grantor; and, as to the interest in their mother's estate which had vested upon her death in the plaintiff, their title was subject to the trust in favor of the plaintiff.

We need not, we think, enter into a consideration of questions discussed in the briefs as to whether all the allegations in the complaint and findings of the court as to fraud are supported by the evidence. Facts sufficient to support a judgment in favor of the plaintiff were found, and there is evidence sufficient to support such findings.

It is very earnestly contended that the proof is insufficient to support the findings that all of the property affected by the judgment was the separate property of Margaret Winters at the time of her death. It is conceded that the deed by Theodore Winters to his wife, of date of April 30, 1896, vested in her the 640 acres therein described as her separate estate; but it is contended that as to the deeds offered in evidence, showing conveyance direct to Margaret Winters and executed in March, 1864, there is no sufficient showing that the land therein described was her separate property. It is the contention of counsel for appellant that, the property having been conveyed to Margaret Winters after her marriage to Theodore Winters, a presumption arises that the property is community, and that it was incumbent upon the plaintiff to rebut this presumption by satisfactory proof; that there was no evidence whatever to rebut this presumption. It must be conceded that the evidence fails to show the circumstances surrounding the acquiring of this particular property by the said Margaret Winters. Upon the other hand, there is no showing when the marriage of Theodore Winters and Margaret Winters took place. It is left entirely to inference that this particular property was conveyed to Margaret Winters after marriage. But, conceding that these conveyances were made subsequent to the marriage, we have a situation which does not seem to have been considered by counsel

upon either side. These conveyances to Margaret Winters were all executed and recorded prior to the adoption of the state constitution or any statute defining the separate or community property of husband and wife. It has been held by this court that property acquired by husband or wife before the adoption of the constitution or the enactment of the statute of 1865 (Stats. 1864-65, p. 239), which was similar in many respects to our present statute of 1873 (Rev. Laws, 2155-2189), is governed by the rule of the common law and that the statute only affected property subsequently acquired. (*Darrenberger v. Haupt*, 10 Nev. 43; *Lake v. Bender*, 18 Nev. 382.)

There are but three ways in which the property deeded to Margaret Winters in 1864 can be considered. It was either purchased by her with money which was her separate estate, or by money which was her husband's separate estate, and the deed made to her by his direction, or was the gift to her by the grantors named in the deeds. If purchased by her husband, and by his direction the deed was made to her, it is regarded as a gift by the husband to the wife, and becomes her separate estate. If acquired in either of the other ways indicated, the deeds being silent as to whether made for her sole and separate use and benefit, she would take title, subject only to her husband's common-law marital rights. (Washburn on Real Property, 6th ed., vol. 1, secs. 520-524; Schouler's Domestic Relations, sec. 89; *Hopkins v. Noyes*, 4 Mont. 550, 2 Pac. 280; *Paul v. Leavitt*, 53 Mo. 595; *Gebb v. Rose*, 40 Md. 387; *Mutual Ins. Co. v. Deale*, 18 Md. 26, 79 Am. Dec. 673; 21 Cyc. 1379. See, also, note, 69 L. R. A. 367.)

No matter how this particular property may be regarded, it never assumed the character of community property, but upon the death of Margaret Winters vested in her heirs at law.

We think, however, the court erred in rendering judgment in favor of the plaintiff for an undivided one-sixth interest in the estate left by the said Margaret Winters, deceased. Her heirs at law were her husband and her six children, the plaintiff and defendants in this action.

By statute, the surviving husband, Theodore Winters, took one-third of the wife's estate, and the six children took the remaining two-thirds. (Rev. Laws, 6116.) The interest of the plaintiff in the estate left by her mother was therefore an undivided one-ninth.

The judgment and decree will be modified in respect to the interest the plaintiff was entitled to recover, and, as so modified, will be affirmed.

It is so ordered.

## ON PETITION FOR REHEARING

By the Court, NORCROSS, J.:

Appellants have petitioned for a rehearing upon the ground that this court did not pass upon appellant's contentions that the court below was without authority in an action of this kind to determine the interests of the heirs of the estate of Margaret Winters, deceased; that that could only be done in probate proceedings in the estate of Margaret Winters. This contention did not appear from the record to have been urged in the court below, was not mentioned in the assignment of errors, and was only slightly adverted to in the opening brief. While the point was specifically made in the closing brief, no authorities were cited in its support, hence we deemed it sufficient to determine the case upon the main contentions relied upon by the appellants. It was admitted by the pleadings that Margaret Winters died intestate, and there was no dispute as to who were her heirs at law in whom her estate vested upon her death, and it was conceded that her estate had never been administered upon. There was no dispute as to the property mentioned in the decree standing of record in the name of Margaret Winters at the time of her death, but it was earnestly contended that a portion of the property affected by the decree was community property. The trial court had all the facts before it, showing conclusively that the property in question was separate estate. If the estate of Margaret Winters had been in course of administration, it may be that the decree should have been restricted to a direction for a

reconveyance of an undivided one-sixth interest in the estate of Margaret Winters, leaving it for the decree of distribution in the estate matter to determine what that interest was. In the absence, however, of such proceeding ever having been instituted, we see nothing to prevent the court in this case making a decree in accordance with the facts before it.

The petition for a rehearing is denied.