[No. 1875]

THE RIVERSIDE FIXTURE COMPANY (A CORPORATION), RESPONDENT, *v.* G. W. QUIGLEY, HOTEL RENO (A CORPORATION), AND L. I. McKISSICK AND L. L. McKISSICK, APPELLANTS.

1. MECHANICS' LIENS—CLAIM FILED—SUFFICIENCY OF DESCRIPTION.
    Though in a claim for lien filed the property on which the building stood for which materials were furnished was insufficiently described, where the rights of no third persons had intervened and the description was the same as that used by the owner in his lease to the present holder, it was sufficient to charge the premises with the lien.

2. PLEADING—AIDER BY ANSWER.
    Though a complaint in an action to foreclose a materialman's lien did not properly describe the premises on which the lien was claimed, where the answer set up the true description which was agreed to by stipulation of the parties, it will be considered in aid of the complaint so as to support a judgment entered.

3. MECHANICS' LIENS—SUFFICIENCY OF CLAIM FILED—DESIGNATION OF OWNER.
    Rev. Laws, 2217, provides that a lien claim shall recite the name of the owner or reputed owner, if known. Section 2215 provides that, if a person owns less than a fee simple estate, only his interest shall be subject to lien. Section 2221 provides that the interest of an owner of property, or one having an interest, may be subjected to a lien, where a building or improvement was constructed with his knowledge. A lien claim recited "that the above-mentioned 'L.' is the owner and reputed owner of said premises." The heirs of the former owner were minors, other than L., who assumed, not only to have an interest in the property, but to exercise control over the same. *Held,* the designation of such heir is sufficient to charge his interest for the entire lien.

4. Mechanics' Liens—Right to Heir's Interest During Adminis-
tration of Estate.
    The fact that an estate is in course of administration will
    not prevent a lien claimant from obtaining a valid lien against
    the interest of an heir, as the property vested in the heirs at
    law on the death of their ancestor.

5. Mechanics' Liens—Sufficiency of Statement as to Condi-
tions and Terms of Contract.
    A lien for materials and labor furnished which contains a
    general statement as to their nature and the time of furnish-
    ing, together with a general statement of the sum due, suf-
    ficiently states the "terms, time given, or conditions of the
    contract."

Appeal from the Second Judicial District Court, Washoe
County; *Peter Breen*, Judge, presiding.

Action by the Riverside Fixture Company against G. W.
Quigley, L. L. McKissick, and another, to foreclose a lien
for labor and materials. From a judgment for plaintiff,
defendant L. L. McKissick appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Boyd & Salisbury*, for Appellant:

The claimant herein, in its claim of lien, has bound
itself to the property which it seeks to charge, and it
cannot amend its claim of lien by proving in court, with-
out any averments, or any allegations in its complaint to
support it, any different property from that which it
claims in its lien. (Black on Judgments, sec. 141.)

The claim of lien, as made, does not permit of evidence
to identify the property, as the description is clear-cut,
designating not only lots, but blocks also, and in this
respect the lien would be sufficient, all other things being
correct, to charge lots 1 and 2 with the lien.

There is no uncertainty nor ambiguity in the descrip-
tion; there is no lack of description; but it is simply a
description of the wrong property. We think that point
alone is sufficient to destroy plaintiff's claim of lien, as
this court cannot direct a sale of lots 9 and 10 to satisfy
a claim of lien upon lots 1 and 2. (Am. & Eng. Ency.
Law, 2d ed., vol. 20, pp. 420, 421 and 422.)

Even had the plaintiff attempted in its complaint to

set up the misdescription and seek the relief of a court of equity, the court could not correct the lien in that respect. Evans's addition to the town (now city) of Reno is now the common designation of all that property lying north of the plaza. It is further shown by the stipulation that lots 1 and 2 are owned by the McKissick estate, hence the claim of lien upon lots 1 and 2, when the work was done upon lots 9 and 10, is void. (*Willamette S. M. Co.* v. *Kremer,* 94 Cal. 205.) The variance is fatal.

The claim of lien is equally as objectionable on account of the fact that there is no "statement of the terms, time given or the condition of the contract." This is not a mere technicality; it is a matter of express substantive law and cannot be aided by any averments in the complaint; it, in fact, is the very basis of the lien, and unless it is set up on the claim of lien, and the showing made that the contract, statement and terms have been complied with by plaintiff, it cannot have a lien, hence, unless the terms, time given and condition of the contract are expressly set forth in the lien, the court cannot determine on the hearing that the plaintiff has fully complied with its contract.

The old rule of letter strictness, in regard to the enforcement of a mechanic's lien, has been done away with, and we think properly so, the rule of law now being that a substantial compliance with the statute is sufficient, but the phrase "substantial compliance" does not mean a disregard of the statute.

The statute in its requirements must be strictly followed when you seek to charge the property of third persons under the contract with a tenant in possession, and over which the owner has no control or voice. If it is not substantially set out, then the claimant acquires no lien and no right to appropriate the property of the defendant in this action, to satisfy the debt incurred by a third person. (Phillips on Mechanics' Liens, sec. 18, pp. 345–349.)

There is nothing in the claim of lien to show that the plaintiff was to furnish the necessary wiring, the neces-

sary fixtures, and perform the necessary labor in installing the same, and was to be paid the retail price of said articles and the regular price for labor in installing and doing the work necessary. This is precisely what was meant by the court in the case of *Porteous* v. *Fee*, 29 Nev. 375.

The lien fails to give the name of the owner of the property. The giving of the name of one of the owners is not sufficient. The ownership of the property was a matter of public record and all persons are charged with a constructive notice of who are the owners of the property. (Rev. Laws, 1039.)

The claim of lien must state correctly the name of the owner or reputed owner, and the findings must follow such claim. Here, then, is the assertion that someone else is the owner, and that L. L. McKissick has an interest in the estate that owns the property. The defect is fatal to the entire claim of lien. (Phillips on Mechanics' Liens, sec. 345; Am. & Eng. Ency. Law, vol. 20, pp. 422–424; *Malter* v. *Falcon M. Co.*, 18 Nev. 209.)

*Huskey & Springer*, for Respondents:

A substantial compliance with the statute is sufficient. (*Maynard* v. *Ivy*, 21 Nev. 245.)

The notice of lien contained a reasonably exact statement of the terms and conditions of the contract. The failure to deny admitted that the contract between the parties was as set forth in the notice of lien and in the complaint. (*Smith* v. *Lee*, 10 Nev. 208.)

The notice of lien contained a sufficient description of the property, especially so as the action is between the original parties. (*Irving* v. *Cunningham*, 4 Pac. 766; *Hunter* v. *Truckee Lodge*, 14 Nev. 30; *Harrisburg L. Co.* v. *Washburn*, 44 Pac. 392; *Kezartee* v. *Marks*, 16 Pac. 411; *Hotaling* v. *Cronise*, 2 Cal. 60; *Tibbetts* v. *Moore*, 23 Cal. 209; *McHugh* v. *Slack*, 39 Pac. 674; *National Lumber Co.* v. *Bowman*, 77 Iowa, 706; *Brown* v. *Coke Co.*, 16 Wis. 578; *Scholes* v. *Hughes*, 77 Tex. 482; *Strawn* v. *Cogswell*, 20 Ill.

457; 13 Cyc. 550; 20 Am. & Eng. Ency. Law, 418, 421; 27 Cyc. 157, 159.)

Plaintiff's notice of lien set forth that defendant L. L. McKissick was the owner, or reputed owner, of the premises. The record shows both that she was owner and reputed owner. The ownership vested upon the death of B. H. McKissick. (*Gossage* v. *Crown Point M. Co.*, 14 Nev. 153; *Santa Cruz R. Co.* v. *Lyons*, 65 Pac. 331; *Corbett* v. *Chambers*, 41 Pac. 875; *McPhee* v. *Litchfield*, 145 Mass. 565; 1 Am. St. Rep. 482.)

The answer and the stipulation as to the facts of the case supplied any defect there might have been in the complaint.

*Per Curiam:*

This is an action to foreclose a lien for labor and material. From a judgment in favor of the plaintiff and from an order denying a motion for a new trial the defendant L. L. McKissick appeals.

The plaintiff furnished and installed certain electrical fixtures in a building known as the Hotel Reno. The value of the labor and material so furnished was alleged to be $1,278.77, and credits amounting to $460.24 were acknowledged, leaving a balance alleged to be due of $818.53. From the lien filed and sought to be foreclosed we quote the following, relative to the description of the property: "That the following is a description of the premises and property upon which said work was done and materials furnished, and herein asked to be charged with this lien, to wit: Lots one (1) and two (2), in block 'G' of Evans addition to the town, now city, of Reno, together with the building and improvements thereon, known as and called 'Hotel Reno.' "

The complaint in the action alleged the further description that the property was situated "at the corner of Sierra and Plaza Streets."

The answer, among other allegations, contained the following relative to the description of the property in ques-

tion: "That all of the property known as the Hotel Reno, situate in the city of Reno, county of Washoe, State of Nevada, and sought to be charged with the lien described in plaintiff's complaint, is situated on lots nine (9) and ten (10) block 'G' of the original plat of the town (now city) of Reno; that all of said property is owned, managed, and controlled by the estate of B. H. McKissick, deceased."

The judgment entered in the action contained the following provision: "It is hereby ordered, adjudged and decreed: That the plaintiff, the Riverside Fixture Company, a corporation, have, and that it is entitled to have, a lien upon the following-described building and lots on which it stands, to the full extent of the interest owned in said property by said defendant, L. L. McKissick: The Hotel Reno on the corner of Plaza and Sierra Streets, city of Reno, county of Washoe, State of Nevada, and lots nine (9) and ten (10) in block 'G' of the original town site, or plat, of the town (now city) of Reno, Washoe County, Nevada, on which said building stands; for the sum of eight hundred eighteen dollars and fifty-three cents ($818.53) and for costs of this action."

In accordance with a stipulation entered into on the trial, the facts of the case, other than as to the corporate character of the parties, were found by the court as follows:

"(3) That at all of the times mentioned in plaintiff's amended complaint the estate of B. H. McKissick, deceased, was, and still is, the owner of lots one (1), two (2), nine (9), and ten (10), in block 'G' of the town site (now city) of Reno. That the said estate of B. H. McKissick, deceased, is now being administered in the Second judicial district court of the State of Nevada in and for the county of Washoe. That the defendant L. L. McKissick was at all of the times mentioned in the amended complaint, and still is, the duly appointed, qualified, and acting administratrix of the estate of B. H. McKissick, deceased. That the work for which plaintiff seeks to foreclose its lien was performed and done upon

the building at present known as the Hotel McKissick on the corner of Plaza and Sierra Streets, and situated upon lots nine (9) and ten (10) of block 'G' of the original town site, now city, of Reno. That B. H. McKissick, deceased, died intestate, and that the defendant, L. L. McKissick (his widow) and two minor children are the only heirs of his estate.

" (4) That the defendant G. W. Quigley occupied said premises at the times mentioned in plaintiff's amended complaint under and by virtue of a lease executed by defendant L. L. McKissick to said Quigley in her own name, not as administratrix of said estate, and without first obtaining permission or authority of the court in which said estate is being administered upon to execute said lease.

" (5) That commencing on the 1st day of June, 1908, and ending on the 1st day of August, 1908, with the full knowledge of the defendant L. L. McKissick, the plaintiff did, at the special instance and request of the defendant G. W. Quigley, and not upon express contract, furnish the material and labor for wiring the building and installing electric fixtures, and did wire the building and install electric fixtures in and upon the above-described Hotel Reno and premises, and that said wiring, materials, and fixtures are now a part of said Hotel Reno, and that the balance now due and owing to said plaintiff for the same over and above all just payments and set-offs is $818.53.

" (6) That no definite time was arranged for between plaintiff and defendant G. W. Quigley, or with any other person, for the payment of the said balance of $818.53, and that the same was due and owing to said plaintiff upon the completion of said work.

" (7) That upon the 24th day of September, 1908, and within 50 days from the time of the completion of said work, the plaintiff filed its claim of lien for the money due it under and in accordance with the laws of the State of Nevada with the county recorder of the county of Washoe, State of Nevada, and that said claim of lien was duly verified according to law.

" (8) That in said claim of lien the said property was described as follows: 'Lots one (1) and two (2), in block "G" of Evans addition to the town, now city, of Reno, together with the building and improvements thereon, known as and called "Hotel Reno."'

" (9) That there is no Evans addition to Reno, Nevada, but that there is an Evans North addition to Reno, Nevada. That there is no block 'G' in Evans addition or in Evans North addition to Reno, Nevada. That there is only one Hotel Reno in Reno, Nevada. That the estate of B. H. McKissick in which defendant L. L. McKissick owns an interest owns only one building known as and called 'Hotel Reno.'

" (10) That the defendant L. L. McKissick's said lease to the defendant G. W. Quigley of said Hotel Reno and premises is, and was at the time of filing said claim of lien, of record in the office of the county recorder of Washoe County, Nevada, and that the description of said property in said lease so executed by said defendant L. L. McKissick is exactly the same as that used by plaintiff in its said claim of lien.

" (11) That defendant L. L. McKissick had actual notice of the said labor and improvements during the time they were being placed upon said premises, but that she gave no notice, and made no objection to the same.

" (12) That this action to foreclose said lien was commenced by filing this complaint and serving the summons on the 17th day of December, 1908, and within six months from the filing of said claim of lien."

[1] Appellant contends that the error in the description of the property sought to be charged with the lien is fatal to respondent's right of recovery. In considering this question it should be borne in mind that no rights of third parties have intervened from the time the labor and material was furnished to the time of the trial and judgment. A more liberal rule is indulged in when the controversy is between the owner and the lien claimant than is applied when it is between the lien claimant and third parties. "A description may be suf-

ficient against the owner though it would be insufficient as against other persons." (20 Am. & Eng. Ency. 421.) The lien claimant followed the description which the appellant had used in the lease to the defendant Quigley. Therefore it can hardly be contended that the appellant herself could have been misled by it. The property was described as the "Hotel Reno," and there was only one piece of property in the city of that description. There were no lots in the city that conformed to the description used in the lease and lien, so that there was less liability for that portion of the description to mislead than otherwise would have been the case. The authorities, we think, amply support the proposition that the description given in the lien is not so defective as to warrant the court in refusing to enforce it.

"The courts have been liberal in upholding imperfect descriptions, and are very reluctant to set aside a lien merely for looseness of description. But the description must be sufficiently certain to identify the property sought to be charged, and, if it does this, it is sufficient to support the lien." (20 Am. & Eng. Ency. 418.)

"The same fullness and precision of description is not required in a lien statement as in the case of a conveyance or a judgment, and the courts are reluctant to set aside a mechanic's lien merely because of a loose description of the property, as the statutes generally contemplate that the claimants should prepare their own papers. As a rule, any description which will enable one familiar with the locality to identify the property upon which the lien is intended to be claimed with reasonable certainty is sufficient." (27 Cyc. 157.)

"The description, to be sufficient, must be such as, aided by extrinsic evidence suggested by the description itself, would charge a party dealing with real estate with notice of such claim for lien. The fact that no other property answers the description in the notice will aid what might otherwise be an insufficient description." (Id. 159.)

"A reference in the description to a building on the property may serve as an aid to the identification of land

not clearly described. It is not necessary to state the name of the building; but, where the building has a well-known name which distinguished it from all other buildings in the locality, the use of such name in the description may of itself serve as a sufficient identification of the property." (Id. 163.)

In *Hunter* v. *Truckee Lodge*, 14 Nev. 30, the premises were described as lot 9 of a certain block, when as a matter of fact they should have been described as a fractional part of lot 10 of said block. But reference was also made to the building of defendant situated on said lot, and it was proved that defendant had but one building on the block which was well known. It was held that the reference to the building sufficiently identified the premises.

In *Harrisburg Lumber Co.* v. *Washburn*, 29 Or. 150, 44 Pac. 392, the notice of lien stated that materials were furnished for erecting a church building on lots 1, 2, and the S½ of lot 3, in block 1, in T. A. William's addition to Junction City, for the Methodist Episcopal church of that place, and a lien was claimed ".on said building and the premises above described." As a matter of fact, the premises were in block 2 (not block 1) of Milliron's addition (not T. A. William's addition). The evidence showing that there was but one Methodist Episcopal church in Junction City, the court held the description sufficient, saying: "There can be no doubt that the property can be identified by every person acquainted with the locality by the simple designation remaining in the notice after excluding the false description."

In *Kezartee* v. *Marks*, 15 Or. 536, 16 Pac. 411, the court said: "In determining this question (*i. e.*, the sufficiency of a description in a notice of lien), it must be remembered that there are no subsequent purchasers or lienholders to be affected. Every interest remains just as it was at the time the liens attached. No doubt a somewhat stricter rule would have to be applied in case there were junior incumbrancers or subsequent purchasers. (*De Witt* v. *Smith*, 63 Mo. 263). The general rule as to what shall be a sufficient description to sustain a mechan-

ic's lien seems now to be that, if there appears enough in the description to enable a party familiar with the locality to identify the premises sought to be described with reasonable certainty, it will be sufficient."

In *Hotaling* v. *Cronise*, 2 Cal. 60, the property was described as "the wharf on Battery Street, between Jackson and Pacific Streets in San Francisco." There was no showing as to how many wharfs there were in said locality, or as to how many wharfs defendant owned in said locality. The description was held sufficient.

In *Tibbetts* v. *Moore*, 23 Cal. 209, the property was described as a "quartz mill, being at or near the town of Scottsville, in Amador County, known as 'Moore's new quartz mill.'" The point was raised that there was no evidence tending to show that the premises were in fact known by the designation given. The court said: "There was no evidence that there was any other quartz mill at that place so designated as to render it uncertain which was intended. The description we deem sufficient to identify the property and uphold the lien." In other words, the court placed the burden of proof upon the defendant to show that the premises were not usually and well known as described in the lien.

In *McHugh* v. *Slack*, 11 Wash. 370, 39 Pac. 674, it was held that a description of property as a certain brick building, situated on certain lots in block 670 of the E. Co.'s addition to the city of E., which building is known as the "S. building" and fronts on H. Avenue, in said city, and giving its dimensions, sufficiently described the property, though it is not in such addition.

See, also, *Shaffer* v. *Hull*, 2 Clark (Pa.) 93; *National Lumber Co.* v. *Bowman*, 77 Iowa, 706, 42 N. W. 557; *Holland* v. *Garland*, 13 Phila. (Pa.) 544; *Brown* v. *Coke Co.*, 16 Wis. 555; *Scholes* v. *Hughes*, 77 Tex. 482, 14 S. W. 148; *Strawn* v. *Cogswell*, 28 Ill. 457; *Springer* v. *Keyser*, 6 Whart. (Pa.) 187.

[2] It is further contended that, no averments having been made in the complaint setting forth the error in the description and reciting the correct description, there is

nothing upon which the judgment ordering the sale of the premises under the true description may rest. In addition to the description contained in the lien, the complaint alleged it as being "that certain building and premises at the corner of Sierra and Plaza Streets." The judgment also recites this latter description. The answer set up the true description, and counsel entered into a stipulation as to the same. The answer, setting up the true description which was agreed to by the parties, has the effect of supplying the omission in the complaint, and may be considered in aid thereof.

[3] The lien recited "that the above-mentioned L. L. McKissick is the owner and reputed owner of said premises." It is contended that this is not a sufficient designation of the owner. The statute requires that the lien claim shall recite "the name of the owner or reputed owner if known." (Rev. Laws, 2217.) By section 2215 of Rev. Laws it is provided: "But if such person owned less than a fee simple estate in such land, then only his interest therein is subject to such lien." Rev. Laws, 2221, reads: "Every building or other improvement mentioned in section 1 of this act, constructed upon any lands with the knowledge of the owner or the person having or claiming any interest therein, shall be held to have been constructed at the instance of such owner or person having or claiming any interest therein, and the interest owned or claimed shall be subject to any lien filed in accordance with the provisions of this chapter."

[4] Upon the death of B. H. McKissick, the property vested in his heirs at law. (*Winters* v. *Winters,* 34 Nev. 323; *Gossage* v. *Mining Co.,* 14 Nev. 153.) The appellant had a one-third interest in the property as an heir of the said B. H. McKissick. The other heirs were minors, and it is not claimed that their interests were or could have been affected under the facts as shown in this case. The fact that the estate of B. H. McKissick was in course of administration did not prevent the respondent obtaining a valid lien in so far as the interests of the appellant

in the property were concerned. That interest vested upon the death of B. H. McKissick, subject only to the latter's debts and the expense of administration. The appellant, not only had an interest in the property, but assumed to exercise control over the same. The fact that the other owners in the property were minors and by reason thereof could not be bound is no reason why the appellant should not alone be held subject to the lien. If the property was really benefited by the improvements placed upon the property, it may be that the court in the matter of the minors' estates might relieve appellant from a portion of the burden, but, so far as this case is concerned, appellant's interest is liable for the whole.

[5] It is further contended that the lien is fatally defective, in that it does not contain a "statement of the terms, time given or the conditions of the contract," as required by the statute. The lien provides: "That commencing on June 1st, 1908, and ending on August 27th, 1908, the said the Riverside Fixture Company did, at the special instance and request of said G. W. Quigley, furnish the material and labor for wiring, and installing electric fixtures, and did wire and install electrical fixtures, and in that certain building, in Reno, Nevada, known as and called the 'Hotel Reno' situate upon the premises hereinafter described and sought to be charged with this lien. That said materials, fixtures, and labor so furnished were actually used, placed, and done upon said premises, and that they were, and are, reasonably worth the sum of $1,278.77. That no part of said sum of $1,278.77 has been paid to said the Riverside Fixture Company, except the sum of $158.84. That no time was given for the payment for said materials and labor so furnished, and that the reasonable value for the same was due and payable upon the completion and installment of said work, and, that deducting all just credits and offsets, the sum of one thousand one hundred nineteen dollars and ninety-three cents ($1,119.93) is now due and owing to the said the Riverside Fixture Company, a corporation, for said materials and labor."

We think the lien is sufficient in the respect mentioned, and that the statement contained is amply supported by the proofs. The objection to the sufficiency of the lien in the respect last mentioned is, we think, answered by the case of *Lonkey* v. *Wells*, 16 Nev. 271.

The judgment is affirmed.